NATHAN PERRY *vs.* THE M. M. PUKLIN COMPANY.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Any ground for granting a new trial may be presented under the comprehensive terms of our statute, § 5850, which embraces not only the causes specifically enumerated therein, but also any "other reasonable cause, according to the usual rules in such cases."

A champertous agreement implies aid in the prosecution or defense of a suit, and, in consideration thereof, a division of the proceeds; but it in nowise affects the validity of the cause of action sued upon, and therefore the subsequent discovery of the existence of such an agreement is not available by a defeated litigant as a ground for a new trial.

The common law touching champerty and maintenance, as applicable to civil actions, has never been adopted in this State.

A petition for a new trial on the ground of newly-discovered evidence, must set forth in detail the evidence adduced at the trial, and also the asserted newly-discovered evidence.

The plaintiff, Perry, was defendant in the former action, which was tried to the jury and resulted in a verdict and judgment against him. An important issue in that trial was whether the Puklin Company had, as it claimed, delivered a check for the purchase of sugar to Perry, or had, as claimed by Perry, delivered it to one A. The new trial was sought by Perry on three grounds: that the original action was

instituted as a result of a champertous agreement between the Puklin Company and one W; that an agent of that company misled Perry as to the issues to be raised at the trial, by asserting that the check was delivered to A as agent of Perry, whereas the evidence of the company actually was of a delivery directly to Perry himself; and that Perry had newly-discovered evidence upon the issues actually litigated. The trial court sustained a demurrer to the petition. *Held:—*

1. That the alleged champertous agreement, since it could not in any event affect the right of action sued upon, afforded no ground for a new trial.
2. That such ground was not shown by Perry's failure to prepare his case adequately as a result of his reliance upon a statement by the Puklin Company's agent, who was not its attorney, especially since Perry had not raised the issue of surprise upon the trial and asked for a continuance.
3. That since the evidence at the trial, as well as the claimed newly-discovered evidence, was not set out in the complaint, the court was not furnished with data sufficient to enable it to determine whether there was ground for a new trial on that issue.

Argued October 25th—decided December 13th, 1923.

PETITION for a new trial on the ground of newly-discovered evidence and alleged fraud in obtaining the judgment in the original action, brought to the Court of Common Pleas in New Haven County where a demurrer to the petition was sustained (*Simpson, J.*) and, upon the refusal of the plaintiff to plead over, judgment was rendered for the defendant, from which the plaintiff appealed. *No error.*

The complaint alleges that on February 8th, 1923, the jury found a verdict for the M. M. Puklin Company (the present defendant) against Nathan Perry (the present plaintiff) in an action tried in the Court of Common Pleas, and that judgment thereon was rendered by the court in its favor for $850 damages; that subsequent to the trial of this action the plaintiff learned that it was brought in accordance with a corrupt and wrongful agreement made by and between the defendant and one Samuel Weinberg, whereby Wein-

berg agreed to retain a lawyer to sue the plaintiff, and agreed further to testify in the action in behalf of the defendant, in consideration of which it was agreed that he was to receive a portion of whatever judgment might be recovered; that in accordance with this agreement Weinberg did obtain counsel who instituted the action before mentioned upon which judgment was rendered against the present plaintiff.

Upon the trial it appeared that the determining question of fact was as to whether a certain check for $500, signed by the M. M. Puklin Company, was delivered to Nathan Perry, or whether it was delivered to Nathan Perry's brother, one Matthew Perry. The following testimony was all of the testimony bearing upon this question of fact which was introduced on the trial of the action, to wit: One Morris Puklin testified that he had signed the check as an officer of the M. M. Puklin Company; that he in person delivered the check to the present plaintiff, Nathan Perry, as a deposit for sugar which he, Nathan Perry, had agreed to sell to the M. M. Puklin Company. Nathan Perry, the plaintiff herein, testified that he did not receive this check. The plaintiff further offered the testimony of Matthew Perry, read to the jury in his absence by virtue of a stipulation made by the parties, to the effect that prior to April, 1920, he had several dealings with the plaintiff concerning the sale of sugar in his own behalf and as a copartner with one John Chapnick, and made an agreement in April, 1920, with the M. M. Puklin Company to sell it a quantity of sugar. This agreement was made by Matthew Perry with the company in his own behalf. He was not authorized by Nathan Perry to act for the latter in making this sale, and did not act for him. Matthew Perry received a check for $500 which he believed was made payable to him, and endorsed the check in his own name and received the

money for his own use in connection with this contract; he paid no portion of the same to Nathan Perry, and did not inform Nathan Perry that he had such check; the M. M. Puklin Company refused to carry out its agreement with Matthew Perry.

Prior to the trial of the action Arthur L. Puklin, an agent of the defendant, informed the attorney for the plaintiff that the M. M. Puklin Company had delivered this check for $500 to Matthew Perry believing him to be the agent of Nathan Perry, and Arthur L. Puklin further informed the plaintiff's attorney that the defendant would claim upon trial of the action that the check was delivered to Matthew Perry and that Matthew Perry was the agent of Nathan Perry. The plaintiff's counsel, relying upon said statements, prepared to try the action upon the issue of agency, but Morris Puklin upon the trial of the action falsely and fraudulently testified as aforesaid for the purpose of evading said issue, and the plaintiff herein was surprised by this testimony because of the conduct of the defendant through its agent, and the plaintiff herein was unable to properly disprove said evidence which was false and untrue.

The petition further alleged that subsequent to the trial of said action the plaintiff discovered new evidence which he failed to discover, for the reasons aforesaid, before or during the trial of the action, although he used reasonable diligence in connection with the preparation for the trial and in the trial of the action. This evidence is as follows:—

(a) One Samuel Markle of New Haven, Connecticut, will testify that he was informed by the M. M. Puklin Company or Arthur Puklin, its duly authorized agent, that this check was intended for Matthew Perry, that a stenographer's error was responsible for its being made payable to Nathan Perry; that it was delivered

to Matthew Perry in person, and that Nathan Perry was not present when the check was delivered to Matthew Perry; that Mr. Samuel Weinberg, in conversation with Markle, repeatedly referred to said action as "our case," intending thereby to convey that he had a financial interest in the same; that Weinberg informed him that he had retained counsel to bring the action upon an agreement that he would testify in the action and receive one third of any judgment recorded therein.

(b) Two bookkeepers, who were in the employ of the defendant at the time when the sugar contract is alleged to have been made and the check delivered, will testify that they were present when the check was delivered; that Nathan Perry was not in the office, and in fact was at no time in the defendant's office; that Matthew Perry was on or about that period several times in the office of the defendant with respect to sugar deals; that on one such occasion Matthew Perry received a check for $500, and that shortly thereafter he visited the defendant and offered to deliver certain sugar for which $500 had been paid to him; and that the Puklin Company stated to him that it did not wish to accept that sugar.

The complaint further alleges that the evidence above set forth was not known to the plaintiff, although he had used reasonable diligence in the preparation of his case; that one of the witnesses above referred to resides out of the State and so resided at the time of trial, and her testimony could not then be obtained; that the testimony of Morris Puklin before mentioned was untrue, and that the judgment obtained was by means of false testimony, and the alleged corrupt agreement with Weinberg.

Plaintiff claimed, by way of relief, an injunction restraining levy of execution in the original suit, and a new trial.

Defendant demurred to the complaint as follows:—

1. It appears from the complaint that the alleged newly-discovered evidence could have been obtained by due diligence and presented at the former trial.

2. It appears from the complaint that the newly-discovered evidence is offered solely for the purpose of impeaching the testimony of witnesses offered at the former trial.

3. It appears from the complaint that the newly-discovered evidence is merely cumulative in character and would not have affected the result of the jury's verdict.

4. The complaint does not set forth sufficient facts upon which to base a petition for a new trial.

The court sustained the demurrer for the reasons therein stated, and the plaintiff assigns error in this action of the court, and particularly in holding that the complaint was insufficient in law to entitle the plaintiff to a new trial.

*Charles Cohen,* for the appellant (plaintiff).

*Charles A. Harrison,* for the appellee (defendant).

KEELER, J. The grounds upon which the plaintiff seeks relief are three: first, a fraudulent and champertous agreement between Weinberg and the defendant in connection with the beginning of the action; second, untrue and deceptive representations by defendant with regard to the issues that would be raised on the trial; and third, newly-discovered evidence upon the issues which were actually litigated.

The action could probably have been maintained, upon proper facts alleged, so far as the two grounds mentioned first are concerned, in an equitable action independent of statute; but could also be brought, as

has in this case been done, by virtue of the statute, General Statutes, § 5850, which provides for several grounds of action, among them the discovery of new evidence and "for other reasonable cause, according to the usual rules in such cases." By our practice, the clause last quoted has been employed to state any cause, legal or equitable, seeking a new trial for reasons other than those specifically mentioned in the statute.

The plaintiff alleges a champertous contract between the defendant and Weinberg regarding the prosecution of the original action. It does not appear that the question was in any way raised in the trial of that action, and it is not apparent that plaintiff could make any use of this claim upon a new trial, either by way of defense or cross-complaint. Champerty is not a defense to the obligation sued upon, since it is the champertous contract and not the right of action, which is voidable at common law. *Bridgeport Bank* v. *New York & N. H. R. Co.*, 30 Conn. 231; 11 Corpus Juris, 270. Furthermore, the common law of champerty and maintenance has never been adopted in this State as applied to civil actions. *Richardson* v. *Rowland,* 40 Conn. 565, 571; *Metropolitan Life Ins. Co.* v. *Fuller*, 61 Conn. 252, 261, 23 Atl. 193.

We may add that it is not alleged in the complaint that Weinberg gave any false and fraudulent testimony, or that in fact he gave any testimony at all. And further, the complaint does not contain allegations of fact showing that in any way plaintiff was legally injured by the connection of Weinberg with the litigation, other than that he rendered assistance to the defendant in procuring counsel, which we have seen is no defense to the action.

Regarding plaintiff's second point, that he was fraudulently deceived by the misrepresentations emanating from defendant previous to the trial, and hence pre-

pared his case for trial mainly upon the issue of agency, it appears from the complaint that Arthur L. Puklin, an agent of the defendant, told plaintiff's attorney that defendant had delivered the check to Matthew Perry believing him to be the agent of Nathan Perry, and that upon the trial the M. M. Puklin Company would claim that the check was delivered to Matthew Perry as such agent. That when, upon the trial, Morris Puklin testified that the check was delivered by him personally to Nathan Perry, plaintiff was surprised, and was unable properly to disprove this evidence, which was untrue and perjured.

The situation above outlined does not entitle the plaintiff to relief. Upon this point the trial court so held upon demurrer. The conversation prior to the trial was not between the attorneys for the respective parties, but between Arthur L. Puklin and plaintiff's attorney. We are not told the occasion of it, nor any of the surrounding circumstances, but from what does appear in the complaint, the plaintiff's attorney was clearly not justified in neglecting a vital issue of the case in his preparation. It would have presented a somewhat different aspect if the conversation had been between the attorneys for the respective parties, but even then it would have been the part of prudence to have had a written stipulation as to the fact involved, or at least to have had the same noted on the record at the outset of the trial. If the testimony of Morris Puklin came to plaintiff's attorney as a surprise to the extent now claimed, it was open to him, and was his duty, to have asked for a continuance in order to obtain further evidence. This he did not do, but rather took his chances of a judgment against him which the trial of the case might develop. Such a continuance might in the discretion of the court have been granted, but, if not granted, the plaintiff would have been in a much

more favorable position in the present action. The plaintiff exhibited neither such diligence in the preparation nor in the trial of his case in the original suit, as to justify the trial court in granting a new trial on the ground of surprise. Such contrary evidence as the plaintiff has succeeded in discovering was evidently not far to seek, as the verdict in the original action was rendered February 8th, 1923, and the present action brought March 5th, 1923. So far as appears from the complaint, the sole vital fact is that Morris Puklin testified contrary to what plaintiff's attorney was led to believe would be the case from Arthur L. Puklin's remarks. The demurrer does not admit anything more than the existence of the testimony so far as set out, and defendant is not thereby concluded by the characterization of the testimony as perjured. It was evidently believed by the jury and considered as true in the rendition of its verdict.

Passing to the consideration of the third ground for asking a new trial based on an allegation of newly-discovered evidence, we have to note that the complaint, in an action seeking relief for this reason, should allege and set forth the evidence adduced at the trial of the cause, and also the claimed newly-discovered evidence. Instead of this, as regards the first requirement, we have merely an allegation that the delivery of the check was the determining question in the case, and that Morris Puklin swore that he drew and delivered in person the check to Nathan Perry on behalf of his company, as a deposit on account of sugar to be purchased, and that Nathan Perry denied that he had received this check. Nothing appears in the way of an exhibit to show the actual terms of the check and how it was endorsed, nor is any testimony quoted to show that it was lost and oral evidence given of its contents. We are led to infer from the statement contained in

the allegation of the newly-discovered evidence, that the check was drawn to the order of Nathan Perry by mistake and given to Matthew Perry, but the facts regarding this transaction are not given in the allegations of the evidence produced. Apparently, regarding the evidence in general, we have not in this complaint the actual testimony of any witness as given, except the stipulated testimony of Matthew Perry. Regarding the testimony of Nathan Perry and the opposing testimony of Morris Puklin, we have only a statement of one point on which they disagreed, and evidently not a word of it given literally as testified to. Such a setting forth of the testimony is not a compliance with our practice, which requires the actual extended testimony of the witnesses for each party to be given. We have not the pleadings in the original case nor any such recital of the issues therein raised as to make plain the relation of the testimony given to such issues. Clearly the trial court had not before it, and this court has not before it, the case in such form as it should have been presented. The stipulated testimony of Matthew Perry says that he received a check of $500 from defendant which he believed was made payable to him, and that he endorsed it and received the money which he put to his own use. It is highly improbable, with this memorandum of testimony before counsel in the trial of the case, that nothing appeared *in extenso* in the testimony of Morris Puklin or Nathan Perry relating to their understanding or recollection of the facts surrounding the drawing and delivery of the check, and the presence of Nathan Perry and Matthew Perry at the time, or anything asked or offered in the way of testimony as to the form and content of the check, and its endorsements.

Even if we assume, as claimed by the plaintiff, that his allegation that the delivery of the check was the

determining question in the action was admitted by the demurrer, we are still left in this position, that several items of claimed newly-discovered evidence are set forth in the complaint as contradicting the evidence produced at the trial or weakening its effect, while we are left in the dark as to the detail of that evidence and as to some evidential matters which were undoubtedly a part of the defendant's case in the original action. This latter must have contained, if given in full, matters of place and date, and probably contained other details. The trial court, in passing upon the question of granting a new trial, was not furnished with the apparatus required by our practice, which is outlined in the Revision of Swift's Digest, Vol. 1, [787], and elaborated in the opinion in *Gannon* v. *State*, 75 Conn. 576, 54 Atl. 199, and this court is equally at a loss. As the complaint stands, in addition to the defects mentioned, it is open to the objections raised by the demurrer, which was properly sustained. We cannot say upon the record that the legal discretion pertaining to the trial court in this class of cases was not properly exercised.

There is no error.

In this opinion the other judges concurred.