## JOSEPH PIASECKI *vs.* LUCIEN NOWINSKI.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

If a petition for a new trial is based upon newly-discovered evidence, it must be set forth, together with the evidence produced upon the former trial, in order that the court may see whether injustice has probably been done, and whether the newly-discovered evidence is likely to reverse the result.

The requirement that the petition be accompanied by the evidence produced upon the former trial, can only be satisfied by attaching to the petition in the form of exhibits, or otherwise, a literal

Piasecki *v.* Nowinski.

transcript of the testimony of each witness, or a statement of the substance of the testimony of each witness; and if this is not done, the petition may properly be adjudged insufficient upon demurrer.

The amendment of a petition for a new trial, after a demurrer thereto has been sustained, is not a matter of right, but rests within the sound discretion of the trial court; and the proposed amendment may well be refused if its allowance would be of no avail to the petitioner.

Argued October 28th—decided December 23d, 1925.

PETITION for a new trial based upon the ground of the alleged discovery of new evidence, brought to the City Court of Meriden where the defendant's demurrer to the original complaint was sustained and his motion to expunge and strike out certain amendments thereto was granted *(Dunne, J.)* and judgment rendered for the defendant, from which the plaintiff appealed. *No error.*

*Irving G. Smith,* for the appellant (plaintiff).

*Morris M. Wilder,* for the appellee (defendant).

CURTIS, J. In regard to a petition for a new trial, Swift's Digest, Vol. 1, side page 786, states the proper procedure as follows: "The proper mode of applying to courts for a new trial, is by a petition, stating the substance of, or reciting the former action, with the reasons of the application, upon which a notification, signed by proper authority, is issued, and served upon the opposite party, by leaving with him, or at his place of abode, a copy of the petition and citation. The petition ought to state the material points on which the case was decided, and the particular grounds of the application, so that the court may see how far they are essential, and will affect the merits of the case. When the foundation of the application is the discovery of new evidence, the petition should state the substance of the evidence offered on the trial, and

also, the newly-discovered evidence, so that the court may be able to judge whether, if it be true, it would be material, and sufficient to turn the cause in favor of the applicant."

In *Gannon* v. *State,* 75 Conn. 576, 578, 54 Atl. 199, we state as an essential of the petition or application, that it "must allege and set forth the evidence produced on the former trial, together with the newly-discovered evidence, in order that the court may see whether injustice has probably been done, and whether the newly-discovered evidence is likely to reverse the result."

When we speak in *Gannon* v. *State, supra,* and *Perry* v. *Puklin Co.,* 100 Conn. 104, 123 Atl. 28, of setting forth in the petition the evidence produced on the former trial, we mean either a literal transcript of the testimony of each witness or the substance of the testimony of each witness, in exhibits attached to the petition or otherwise. If this is not done, the petition will not show whether injustice has probably been done, and whether the newly-discovered evidence is likely to change the result of the former trial.

It is not alleging a sufficient ground for a new trial in a petition, merely to quote, as this petition does, a portion of the remarks (oral or written) of the trial judge in rendering judgment, as to the influence upon his mind in reaching his conclusion of a certain piece or class of the evidence as presented; and to follow this with a recital of the newly-discovered evidence which the petitioner claims tends to show that such piece of evidence was not credible.

The rest of the evidence presented in the original action, disregarding the testimony of the witness whose credibility the newly-discovered evidence is claimed to impeach, may be ample to sustain the judgment rendered.

The petition in this case fails to give even the sub-

Piasecki *v.* Nowinski.

stance of all the testimony introduced by the plaintiff in the original case in which he secured a judgment.

The petition alleges that the testimony of one witness, one Florence Muraska, was not credible, because of certain claimed newly-discovered evidence, and that this fact renders the judgment rendered unjust, and that a new trial should be ordered.

The defendant demurred to the petition for the following reason, among others: "1. Said complaint is insufficient in that it does not set forth fully and clearly the testimony given at the former trial, so that the court can determine whether the pretended newly-discovered evidence would be sufficient to overcome the evidence that was held to have preponderated in the former trial in favor of the plaintiff in that case, and against the plaintiff in this case." The court sustained the demurrer and rendered judgment for defendant. For the reasons set forth above there was no error in this ruling.

Subsequently the plaintiff moved to be permitted to amend his petition. The defendant moved that the court strike from the files this motion to amend, and the court so ordered.

In *Palmer* v. *Whipple,* 83 Conn. 477, 76 Atl. 1002, we held, in substance, that the amendment of a petition for a new trial, after a demurrer thereto has been sustained, is not a matter of right, but rests in the sound discretion of the trial court; and the proposed amendment may well be refused if its allowance would be of no avail to the petitioner.

The trial court could reasonably have held that the proposed amendment of the petition would have been of no avail to the petitioner if allowed, since the complaint as amended would still have failed to state the evidence of the witnesses *in extenso* or in substance.

There was no abuse of the discretion of the court in striking the proposed amendment from the files.

There is no error.

In this opinion the other judges concurred.