EVDOKIA KLIARSKY, ADMINISTRATRIX (ESTATE OF WIL-
LIAM KLIARSKY) *vs.* THE EASTERN GREYHOUND
LINES, INC.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 4th—decided May 9th, 1933.

*Nathan G. Sachs,* with whom was *Louis Weinstein,* for the appellant (plaintiff).

*David M. Reilly,* for the appellee (defendant).

BANKS, J. The complaint alleged that the plaintiff's decedent was killed as a result of a collision between an automobile which he was operating and a motor bus of the defendant, that the collision was caused by the negligence of the operator of the motor bus, and that the plaintiff's decedent was free from contributory negligence. The answer denied that the operator of the motor bus was negligent, but affirmatively alleged that the negligence of the plaintiff's decedent was the proximate cause of his death.

The case was tried to the court, which, on April 19th, 1932, rendered judgment in favor of the defendant. Thereafter, on May 8th, 1932, the plaintiff filed a motion alleging that since the trial she had discovered material evidence in her favor which she had been unable to discover prior to the trial, the substance of which evidence was set forth in three affidavits annexed to the petition, being the affidavits of persons who claimed to have been eyewitnesses of the accident. The motion prayed (a) that the judgment be opened and the plaintiff be given an opportunity to present the newly-discovered evidence and (b) that there be a new trial of the cause. The defendant filed an answer to the motion admitting that the plaintiff had secured the affidavits attached thereto, but denying that the plaintiff had used due diligence to obtain this evidence upon the original trial, and denying that it was probable that it would bring about a different result upon a new trial. The court held that the plaintiff had not proved that she exercised due diligence to obtain the testimony of the new witnesses upon the original

trial, and that it was not probable that the new evidence contained in the affidavits would bring about a different result upon a new trial, and denied the motion.

The procedure upon a petition for a new trial for newly-discovered evidence is set forth in *Gannon* v. *State*, 75 Conn. 576, 578, 54 Atl. 199, as follows: "The application is addressed to the discretion of the court [citations], and must allege and set forth the evidence produced upon the former trial, together with the newly-discovered evidence, in order that the court may see whether injustice has probably been done, and whether the newly-discovered evidence is likely to reverse the result. If the adverse party desires to controvert the accuracy of the statement of the former testimony, or of the new testimony set forth, or to produce other testimony to be considered with that alleged, he may do so, and for this purpose no pleadings are essential. 1 Swift's Digest, 788. Or he may admit the accuracy of the statement of the testimony, both old and new, and for this purpose a demurrer is used. In either case, whether upon the testimony old and new—as found by the court after hearing witnesses—or upon such testimony as set forth in the application and admitted, the court decides in the exercise of a sound discretion whether a new trial should be granted or denied." The practice requires that the petition set forth "a literal transcript of the testimony of each witness or the substance of the testimony of each witness, in exhibits attached to the petition or otherwise." *Piasecki* v. *Nowinski*, 103 Conn. 671, 673, 131 Atl. 500; *Perry* v. *Puklin Co.*, 100 Conn. 104, 113, 123 Atl. 28.

Where, as is the usual practice, exhibits attached to the petition set forth the evidence taken upon the trial and that newly-discovered, and the accuracy of

both is admitted by demurrer, the court to which the petition is addressed compares the old testimony with the new and decides, in the exercise of a sound discretion, whether injustice has probably been done, and whether the newly-discovered evidence is likely to change the result.

Here, the petition for a new trial takes the form of a motion addressed to the court which had recently tried the case, and contains an offer to furnish a transcript of the evidence taken upon the trial. An answer to the motion admitted the existence of the affidavits of the newly-discovered witnesses. After a hearing upon the motion, apparently limited to the question of whether the plaintiff had exercised due diligence in the preparation of her case, the court, presumably after consideration of the evidence taken upon the trial and of that offered in the affidavits, and a comparison of the two, decided that it was not probable that the latter would bring about a different result if there were a new trial, and denied the motion. Whether in so doing the court abused its discretion is the only question upon this appeal. To pass upon that question requires an examination and comparison of all of the evidence produced upon the trial and that discovered since, to determine whether the court could reasonably and logically reach its conclusion that the newly-discovered evidence would not affect the result. This examination we are unable to make, since the evidence produced upon the trial is not before us.

The record contains a finding of the facts upon which the court based its conclusion that the operator of the motor bus was not negligent and that plaintiff's decedent was guilty of contributory negligence. The plaintiff seeks to have the finding corrected by striking out certain paragraphs and substituting paragraphs of the draft-finding incorporating statements of fact con-

tained in the affidavits which plaintiff claims were uncontroverted. The fact that the persons signing the affidavits would testify to the statements of fact contained therein was not controverted, but the statements of fact themselves were in direct conflict with the facts found by the court upon evidence produced upon the trial. The procedure followed was not that adapted to a determination of the question of whether the court erred in denying the motion for a new trial. No finding of the facts proven upon the trial was required, and we cannot resort to the finding to determine whether the court abused its discretion in concluding that the new evidence would not change the result. To pass upon that question we must have before us both the newly-discovered evidence and that produced upon the trial, so that the two may be compared. *Gannon* v. *State, supra; Link* v. *State,* 114 Conn. 102, 104, 157 Atl. 867; *Hall* v. *Tice,* 86 Conn. 684, 689, 86 Atl. 560; *Gonirenki* v. *American Steel & Wire Co.,* 106 Conn. 1, 8, 137 Atl. 26; *Widman* v. *Kearns,* 96 Conn. 254, 114 Atl. 77.

Since the record does not contain the evidence produced upon the trial we have no means of ascertaining whether the newly-discovered evidence would probably change the result, and therefore no basis for a conclusion that the trial court abused its discretion in denying the motion for a new trial. It is unnecessary to consider the defendant's claim that the plaintiff had failed to prove that she had exercised due diligence to obtain the newly-discovered evidence upon the original trial.

There is no error.

In this opinion the other judges concurred.