JAMES H. KANE *vs.* ELIZABETH L. KANE.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued February 7th—decided April 3d, 1934.

*Charles S. Hamilton* and *Josiah H. Peck,* for the appellant (defendant).

*Alexander W. Creedon,* for the appellee (plaintiff).

AVERY, J. The plaintiff brought this action for divorce upon the ground of intolerable cruelty. The defendant filed an answer denying the allegations of

intolerable cruelty and a cross-complaint seeking a divorce on that ground. The case was referred to the Honorable Leonard J. Nickerson, state referee, who, after hearing, rendered a report finding that the defendant, on divers days between June 5th, 1927, and October 20th, 1931, had been guilty of intolerable cruelty to the plaintiff, and that the allegations of the cross-complaint were not proved. Thereafter, the defendant filed a motion to reopen on the ground that certain testimony in her favor concerning the treatment and abuse of the defendant by the plaintiff was not presented to the state referee at the hearing before him, and on information and belief that this testimony was wilfully suppressed by persons not parties to the action. She also filed a remonstrance to the report on the ground that it did not contain all the facts proven or rulings made which were necessary to enable the remonstrant properly to present her claims or to enable the court to render judgment upon the issues, since no subordinate facts and no rulings were cited in the report but only the conclusion that the defendant was guilty of intolerable cruelty. To this remonstrance, the plaintiff demurred. The demurrer was overruled and the report recommitted to the referee for additional findings. The defendant also filed a so-called motion for order of procedure on recommittal, the purport of which motion was that she be permitted to introduce any evidence she desired to offer upon the recommittal to the same extent as she might have introduced such evidence on the original trial. The motion to reopen and for order of procedure on recommittal were denied by the court, as was also a motion of the defendant for leave to withdraw her cross-complaint; and, thereafter, a substitute report was filed by the state referee setting forth in considerable detail the acts of the defendant from which

the referee had concluded that she had been guilty of intolerable cruelty. A remonstrance to this report was filed by the defendant. The court overruled the remonstrance and entered judgment for the plaintiff and the defendant has appealed, assigning as error that the evidence did not support a finding of facts sufficient in law to constitute intolerable cruelty, and also claiming error in the action of the court in denying her motion to introduce additional evidence upon the recommittal to the referee.

The transcript of the evidence shows a case thoroughly tried by competent counsel. Some twenty-six witnesses gave evidence, fifteen being produced by the plaintiff and eleven on behalf of the defendant. A careful reading of the evidence supports the following facts found by the state referee: The parties were married at Farmington, Connecticut, February 5th, 1927, and thereafter went to live in Hartford. The plaintiff was a dentist and practiced in that city. Before her marriage to him, the defendant was a widow living at New Haven with a son about thirteen years of age. About four months after the marriage the defendant made false statements to her son regarding the plaintiff and when the latter remonstrated with her she became profane, called him opprobrious names and used vile and indecent language. From that time on, frequent altercations and quarrels arose between them in which the defendant used toward the plaintiff profane, opprobrious and indecent language set forth in detail by the state referee but unnecessary to be repeated here. She falsely accused him of being frequently drunk and addicted to liquor. She expressed a determination to ruin his business, destroy his reputation and put him in the gutter. She went to his office and told his patients that he had beaten and abused her and was habitually drunk. On different

occasions she threatened to kill him, to put poison in his food, to cut him with a carving knife, to strike him with various instruments and to knock his brains out. About May 1st, 1929, she ceased to live with him as his wife, moved her apparel into the guest room in the dwelling occupied by them and locked the door, and refused to cohabit with him thereafter. On October 26th, 1930, he left the home and went to live elsewhere. The plaintiff at all times treated the defendant with kindness and consideration. As the result of his wife's conduct, his profession as a dentist was injured, he was rendered exceedingly nervous, lost weight, and his health was affected.

The above facts are sufficient in their cumulative effect to sustain the conclusion of intolerable cruelty. *Jacobs* v. *Jacobs*, 95 Conn. 57, 61, 110 Atl. 455; *Swist* v. *Swist*, 107 Conn. 484, 490, 140 Atl. 820. The assignments of error based upon the refusal of the court to order the case reopened before the state referee for the receipt of additional evidence are without merit. It does not appear what the nature of the additional evidence was. The granting or denial of such a motion rests in the sound discretion of the trial court, reviewable only in the case of abuse, and the situation presented is like that where a petition is made for a new trial for newly-discovered evidence under § 5701 of the General Statutes, and the same conditions are applicable. See *Meriden* v. *Rogers*, 111 Conn. 115, 149 Atl. 406. Whether the circumstances of the case were such that the defendant ought to have had an opportunity to introduce the further evidence she desired to offer, and whether that evidence was such as would be likely to change the result, are questions which we could consider only upon the basis of a proper finding, which should include at least a summary of the evidence which she proposed to offer, as well as the evi-

dence offered at the hearing which, in this instance having been brought before us in the effort to correct the finding of the referee, could have been incorporated by reference. *Kliarsky* v. *Eastern Greyhound Lines, Inc.,* 116 Conn. 649, 653, 166 Atl. 65. Upon this record the correctness of the ruling of the trial court is not open to review.

There is no error.

In this opinion the other judges concurred.