HELEN ZUBOFF *vs.* MOLLIE SOLOMON.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.
Argued June 7th—decided July 12th, 1935.

*Jacob Schwolsky,* for the appellant (plaintiff).

*DeLancey S. Pelgrift,* for the appellee (defendant).

PER CURIAM. The plaintiff, suing to recover damages for a fall in an apartment house, recovered judgment but has appealed upon the ground that the trial court erroneously found certain ear trouble from which she suffered after the injury, was not due to the fall. The determination whether the injuries she received caused the ear trouble of necessity very largely depended upon expert medical opinion and there was such evidence at the trial sufficient to sustain the trial court's finding. The plaintiff seeks to have certain statements added to the finding. But, in so far as the facts contained in them can be considered as admitted or undisputed, they are purely evidential and their

addition would not be sufficient to invalidate the trial court's conclusion.

The trial court filed its memorandum of decision January 17th, 1935, and in it was a specific statement of its conclusion that the ear trouble was not caused by the accident. Four days later the plaintiff filed a motion to open the judgment, stating no reason. The trial court gave a hearing upon the motion and the plaintiff then offered further medical testimony tending to substantiate the plaintiff's claim that the ear trouble was due to the accident, and in part contradicting the physician upon whose evidence the trial court had largely relied in reaching its conclusion. The court denied the motion and this ruling is made a ground of appeal. The only category in which the motion could fall, in order that its denial might afford a basis of appeal, is that of a motion for a new trial for newly discovered evidence, and neither in form nor substance has it as such any standing in this court. Not only was the evidence offered purely cumulative, but obviously it was just as much within the power of the plaintiff to produce it before judgment as after. If a party upon the filing of a decision unfavorable to him upon an issue which has been litigated at the trial has a right to have the judgment reopened to enable him to offer further testimony upon that issue, which might equally well have been offered at the trial, litigation would be prolonged beyond the requirements of a sound public policy.

There is no error.