THOMAS A. McPARTLAND v. BEAUMART, INCORPORATED.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued June 17th—decided July 12th, 1938.

*Zalmon S. Hirsch,* for the appellant (defendant).

*William J. Carrig,* for the appellee (plaintiff).

AVERY, J. The plaintiff brought this action alleging that he was employed by the defendant as a sales manager for a period of six months beginning November 30th, 1936, at an agreed salary, that he entered upon the employment and was wrongfully discharged. After trial the court rendered judgment for the plaintiff to recover and the defendant has appealed. The court found the facts as follows: The plaintiff for four years has been a salesman of liquors and spirits throughout Connecticut. The defendant, a domestic corporation, having its principal place of business at Bridgeport, is engaged in the business of rectifying and

selling liquors and spirits and employs a number of salesmen. On November 25th, 1936, the plaintiff and the manager of the defendant company, met at the office of the company pursuant to appointment and there entered into an agreement whereby the defendant employed the plaintiff as sales manager, with certain duties which were then agreed upon, for six months commencing November 30th, 1936, and agreed to pay him a salary of $50 per week during this period. On November 25th, 1936, the defendant entered upon the performance of his duties and duly performed the same as agreed upon; but on December 5th, 1936, he was notified by an officer of the defendant that there was no room for another salesman and tendered a check for $50, which he refused to accept. During the remainder of the six months he diligently sought other employment but was able to earn only $291 and by reason of his discharge sustained damages of $1009.

The defendant has asked various additions to and corrections of the finding for the purpose of showing that no such contract was made. Examination of the evidence certified, however, shows that the matter in dispute between the parties at the trial was whether or not such an agreement had been made, and as there is evidence supporting the finding no correction is permissible by which the position of the defendant would be materially advantaged.

The contention of the defendant that the plaintiff was not wrongfully discharged cannot be supported upon the finding as made by the court. The defendant's real contention is that there was a condition of the agreement that the plaintiff's conduct should be satisfactory and that he was discharged because his conduct was unsatisfactory. To give force to this contention a correction of the finding would be necessary and upon this point the evidence is in conflict. It is

neither an admitted nor an uncontroverted fact that the agreement between the parties contained such a provision. Consequently no basis exists for the defendant's contention.

After the trial had been concluded and five days after judgment had been entered the defendant made a motion in writing that the judgment be reopened, in order that the defendant might be permitted to call witnesses who were alleged to have been present at the time certain conversations were had between defendant's manager and the plaintiff, for the purpose of attempting to contradict the testimony of the plaintiff as to those conversations. The motion also asked permission to re-argue the case upon the question of consideration. The motion did not set forth who the witnesses were or what their testimony would be or that the evidence was not within the power of the defendant to introduce at the trial. It does not appear that any continuance was asked at the trial for the purpose of procuring additional witnesses. The trial court properly exercised its discretion in denying the motion of the defendant to reopen the case at that stage of the proceeding. *Lawrence* v. *Abrams,* 121 Conn. 480, 482, 185 Atl. 414; *Zuboff* v. *Solomon,* 120 Conn. 693, 694, 180 Atl. 295.

There is no error.

In this opinion the other judges concurred.