ROBERT A. BRINLEY *v.* HOWARD S. IVES,
HIGHWAY COMMISSIONER

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued May 3—decided June 8, 1966

*Sidney Vogel,* for the appellant (plaintiff).

*Clement J. Kichuk,* assistant attorney general, with whom, on the brief, were *Harold M. Mulvey,* attorney general, and *Jack Rubin,* assistant attorney general, for the appellee (defendant).

PER CURIAM. The plaintiff appealed to the Superior Court from the assessment of damages by the defendant for the taking of a portion of his property for highway purposes. General Statutes

§ 13a-76.   The referee, to whom the case was referred, increased the amount of the damages, and judgment accepting the report was rendered on May 3, 1963.   Barring an appeal to this court, the reassessment was final and conclusive. Ibid. Nevertheless, the trial court on April 21, 1964, granted a motion to open the judgment and referred the matter back to the same referee for the purpose of taking further evidence.

The plaintiff in his brief states that the motion to open had to be determined precisely as a petition for a new trial on the ground of newly discovered evidence would have been.   If we assume, without deciding, that that contention is so, the motion was fatally defective in that it did not set forth who the witnesses were and what their testimony would be.   *McPartland* v. *Beaumart, Inc.,* 124 Conn. 539, 542, 200 A. 1018; *Kane* v. *Kane,* 118 Conn. 291, 294, 172 A. 84.

Later on, after the second referral, the parties stipulated as to what the plaintiff claimed he intended to offer evidence to prove.   The referee refused to hear the proposed evidence.   The trial court concluded that the referee found the evidence inadmissible and that it came too late and was too remote. In this there was no error.

The court then accepted the supplemental and original reports of the referee and rendered judgment in the same amount as that contained in the judgment of May 3, 1963.

There is no error.