ROBERT N. STOCKING ET AL. *v.* HOWARD S. IVES,
HIGHWAY COMMISSIONER

ALCORN, HOUSE, COTTER and RYAN, Js.[1]

---

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued January 2—decided January 23, 1968

*Raymond W. Beckwith,* for the appellants (plaintiffs).

*Clement J. Kichuk,* assistant attorney general, with whom, on the brief, were *Harold M. Mulvey,* attorney general, and *Jack Rubin,* assistant attorney general, for the appellee (defendant).

HOUSE, J. The plaintiffs appealed to the Superior Court from the assessment of damages for the taking of a portion of their property for highway purposes. General Statutes § 13a-76. After a hearing, the referee, to whom the case was referred, filed his report, finding that the value of the entire property before the taking was $30,000, that the value of the portion remaining after the taking was $5600 and that the plaintiffs therefore sustained damages of $24,400. After the report had been filed, counsel other than the one who had represented the plaintiffs at the hearing filed a motion to

correct the report, which motion the referee denied. Thereafter, the plaintiffs filed in court a motion to open the hearing for the purpose of introducing evidence pertaining to the zoning of the property remaining after the taking. This motion was denied by the court, the plaintiffs' objections to the report were overruled, and judgment was rendered on the basis of the referee's award.[2] From this judgment the plaintiffs have appealed.

As stated in their brief, "[t]he plaintiffs' basic argument is that an inadequate presentation of their case was made to the State Referee with respect to the value of the property before taking and the value of the property after the taking, particularly in view of the fact that the entire property was previously non-conforming under the Greenwich zoning regulations before the taking and obviously remained non-conforming under the regulations after the taking."

The assignment of error based on the refusal of the court to order the case opened so that the plaintiffs might offer further evidence is without merit. "The granting or denial of such a motion rests in the sound discretion of the trial court, reviewable only in the case of abuse, and the situation presented is like that where a petition is made for a new trial for newly-discovered evidence under § 5701 [now § 52-270] of the General Statutes, and the same conditions are applicable. See *Meriden*

---

[2] Proper procedure dictates that in the usual case a motion to open which is designed to secure the addition of further facts to the referee's report should be filed with the court, which should then return the file to the referee for consideration of the motion. See Practice Book § 358. The plaintiffs, however, raised no objection to the procedure which the court followed in the present case in itself deciding the merits of the motion without referring it to the referee for consideration.

v. *Rogers,* 111 Conn. 115, 149 Atl. 406." *Kane* v. *Kane,* 118 Conn. 291, 294, 172 A. 84. As stated in *Meriden* v. *Rogers,* supra, 118, one of the essential conditions for the granting of such a motion is that the evidence which the party seeks to offer could not have been known and with reasonable diligence produced at the trial. See also *Keller* v. *Carone,* 138 Conn. 405, 407, 85 A.2d 489; *McPartland* v. *Beaumart, Inc.,* 124 Conn. 539, 542, 200 A. 1018. The record does not disclose compliance with this indispensable requisite of prior due diligence. "If a party upon the filing of a decision unfavorable to him upon an issue which has been litigated at the trial has a right to have the judgment reopened to enable him to offer further testimony upon that issue, which might equally well have been offered at the trial, litigation would be prolonged beyond the requirements of a sound public policy." *Zuboff* v. *Solomon,* 120 Conn. 693, 694, 180 A. 295. This court has said that the maxim "interest reipublicae ut sit finis litium" is one of the "embodiments of wisdom and justice." *Burritt* v. *Belfy,* 47 Conn. 323, 329; *Hayden* v. *R. Wallace & Sons Mfg. Co.,* 100 Conn. 180, 187, 123 A. 9. The denial of the motion to open the hearing was not an abuse of the court's discretion.

The remaining assignments of error relate to the decision of the court overruling the plaintiffs' objections to the acceptance of the referee's report and the rendering of judgment thereon after the referee denied their motion to correct the report. In essence this is an attack on the finding of the referee as made "without evidence or without complete evidence" necessary to determine the value of the remaining property taking into consideration the zoning regulations. The appendices to the

briefs properly summarize the relevant evidence presented at the hearing. Practice Book § 716. They disclose that the taking consisted of 0.31 acres from a 1.15-acre tract, that the applicable zoning regulations were introduced in evidence, that both appraisers were familiar with the zoning laws and regulations of the town, and that the defendant's appraiser valued the entire property before the taking at $24,700 and the value of the remainder after the taking at $5600. The plaintiffs' appraiser valued the entire parcel at $35,000. He first stated that in his opinion it was not possible to determine the value of the property remaining after the taking because it would be a nonconforming parcel "and the value would be based upon any variances that would be granted by the Board of Appeals in the future." If a variance was necessary, he believed that the property might even have a "negative value," but, if a variance was not necessary to use the parcel for a building site, he believed that it would have a value of $7500. In addition to taking evidence, the referee viewed the premises. On this record there was ample evidence to support the referee's conclusion that the plaintiffs' damages amounted to $24,000. As he was justified in doing, the referee concluded that the value of the remaining parcel was $5600, the precise value testified to by the defendant's appraiser. If any more "complete evidence" or more "adequate" presentation of their case would have supported the plaintiffs' claim to a different valuation or to the effect of the zoning regulations, it was incumbent upon them to present it at the hearing or at least to request a postponement for that purpose.

There is no error.

In this opinion the other judges concurred.