ERNEST G. CORBIN *v.* JANE S. CORBIN

LOISELLE, BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued December 6, 1979—decision released February 12, 1980

*Wesley W. Horton,* for the appellant (plaintiff).

*Sanford J. Plepler,* with whom, on the brief, was *Stanley Falkenstein,* for the appellee (defendant).

BOGDANSKI, J.  The trial court rendered a judgment dissolving the marriage of the parties, and ordered the plaintiff to pay the defendant eighty dollars per week alimony and to convey to her his one-half interest in jointly owned property located at 20 Grove Street, Enfield.  From those orders the plaintiff has appealed, claiming the court abused

its discretion in ordering the payment of periodic alimony and the assignment of the plaintiff's interest in the jointly owned property.

Sections 46b-81 and 46b-82 (formerly §§ 46-51 and 46-52) of the General Statutes authorize the court to assign the whole or a part of the estate of either party as alimony; to award periodic payments as alimony; or to award both.[1] *Hotkowski* v. *Hotkowski,* 165 Conn. 167, 171, 328 A.2d 674 (1973). An award of alimony must, however, be based on such factors as the cause of the dissolution, the length of the marriage, the amount and sources of income, the age, the health, the occupation and the employ-

[1] "[General Statutes] Sec. 46b-81. (Formerly Sec. 46-51). ASSIGNMENT OF PROPERTY AND TRANSFER OF TITLE. (a) At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior court may assign to either the husband or wife all or any part of the estate of the other. . . . (c) In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

"[General Statutes] Sec. 46b-82. (Formerly Sec. 46-52). ALIMONY. At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. . . In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party . . . , shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

ability of each of the parties. See § 46b-82 of the General Statutes (footnote 1); *Krieble* v. *Krieble,* 168 Conn. 7, 8, 357 A.2d 475 (1975). In considering the assignment of property under § 46b-81, the court must also take into account the opportunity of each party for further acquisition of capital assets and income, and the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates.

In determining whether the court abused its discretion, the ultimate question is whether the court could have reasonably concluded as it did.[2] This court has repeatedly stated that the assignment of property in domestic relations matters calls for the exercise of judicial discretion which will not be disturbed as long as the court could reasonably conclude as it did. *Ridolfi* v. *Ridolfi,* 178 Conn. 377, 423 A.2d 85 (1979). See also *Posada* v. *Posada,* 179 Conn. 568, 427 A.2d 406 (1980), and cases cited therein. We have also observed that because trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all the surrounding circumstances and the appearance and attitude of the parties is so significant, the court has broad discretion in determining the type, amount, and duration of alimony. *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 413 A.2d 854 (1979). In *Jacobsen,* we stated that considerable weight is to be accorded the action of the trial court and every reasonable presumption given in favor of its correct-

---

[2] In his brief the plaintiff cites the case of *Lawrence* v. *Kozlowski,* 171 Conn. 705, 372 A.2d 110 (1976), with the object of persuading this court to change its method of determining whether there has been an abuse of discretion by the court in domestic relations matters. Since the rule enunciated in *Lawrence* is governed by statute and is limited to administrative appeals, it is not persuasive.

ness, since it is in the sole province of the trier to pass upon the credibility of the witnesses and the weight to be accorded the evidence. *Jacobsen, supra,* 263.

The trial court found that the parties were both fifty-five years of age and had been married for thirty-two years; that both had been employed throughout the marriage and had contributed to the purchase and maintenance of the property at 20 Grove Street; that the plaintiff's health was good while the defendant was under a doctor's care for a nervous condition; that the plaintiff, employed as a tool designer, was earning $425.35 per week while the defendant was earning eighty dollars per week in a part-time clerical position; that the defendant had no vocational skills and only a high school education; and that the plaintiff had become involved with another woman prior to his bringing this action. The court also noted that the plaintiff's indebtedness, incurred after the commencement of the present action, involved the purchase of a $65,000 house for which he used $15,000 obtained by encumbering the Grove Street property, the purchase of $5000 worth of furnishings for his new home, and the cost of a European vacation which he took with the woman with whom he was involved.

It is apparent from its memorandum of decision that the court considered the relevant criteria set forth in §§ 46b-81 and 46b-82 of the General Statutes. We therefore conclude the court did not abuse its discretion in granting the alimony orders.

The judgment as rendered ordered the plaintiff to convey his interest in "property at 20 Grove Street" to the defendant. Because the parties own

two adjoining lots on Grove Street, which are described in the same deed but as separate parcels, the parties dispute the meaning of that order. The plaintiff, claiming that he was not required by the judgment to convey his interest in the lot which adjoins the lot which he maintains is "20 Grove Street," moved "to reargue and clarify." The court, refusing to hear evidence as to the nature of the Grove Street property, denied that motion.

Whether the plaintiff's motion is treated as a motion to open judgment or as a petition for a new trial is immaterial. The granting or denial of such motions rests in the sound discretion of the trial court, reviewable only in the case of abuse. *Kane* v. *Kane,* 118 Conn. 291, 294, 172 A. 84 (1934) ; *Freccia* v. *Martin,* 163 Conn. 160, 165, 302 A.2d 280 (1972). One of the essential requirements for the granting of either motion is that the evidence which the party seeks to offer could not have been known and with reasonable diligence produced at trial. *Stocking* v. *Ives,* 156 Conn. 70, 72, 238 A.2d 421 (1968). Since it is undisputed that the evidence the plaintiff sought to introduce was known to him at the time of the trial, the court did not err in denying the plaintiff's motion.[3]

There is no error.

In this opinion the other judges concurred.

---

[3] The plaintiff in his sworn financial statement did not separately describe the lots on Grove Street but simply listed property located at "20 Grove Street" as one of his assets.