[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was commenced by service of process on June 29, 2001. The plaintiff, Simon Erlich, sought a deficiency judgment and money damages against the defendants, Forest Land Corp., Russell Mahler, and Epic Holding Corp., for the accelerated balance of a note executed by the defendants. The plaintiff also sought foreclosure of a mortgage executed on February 15, 2001 by the defendant, Forest Land Corp., on certain real property.
On October 19, 2001, the plaintiffs motions for default against all of the defendants were granted. Subsequently, this court rendered a judgment of strict foreclosure on December 17, 2001, with the first law day set for February 19, 2002. On January 22, 2002, the defendants, Forest Land Corp. and Russell Mahler, filed a motion to open judgment based on "good and meritorious defenses to the plaintiffs claims. . . ." (Defendants' Motion to Open Judgment, Paragraph 1.) The defendants, in their memorandum in support of their motion to open judgment, argued that the plaintiff withheld $72,000 of the consideration due under the mortgage note and that the plaintiffs failure to convey the $72,000 caused the defendants additional damages. In support of their claims, the defendants included an affidavit by the defendant, Russell Mahler, averring that he did not "believe that copies of this action were left for [him at his usual place of abode]." (Defendants' Exhibit, Affidavit of Russell Mahler, [Mahler Affidavit] January 16, 2002, Paragraph 4.) The defendant also attested in his affidavit that the "balance [of the mortgage] was never paid over to Forest [Land Corp.] . . ." and that "the failure of [the plaintiff] to remit the funds to Forest [Land Corp. had] caused great harm both to Forest [Land Corp.] and [himself]. . . ." (Mahler Affidavit, Paragraph 5(a) and (b).)
General Statutes § 49-15 governs the opening of judgments of strict foreclosure and provides: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an CT Page 44 interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by § 52-212a, upon such terms as to costs as the court deems reasonable. . . ." (Emphasis added.) "While [a motion to open] should not be readily granted nor without strong reasons, it ought to be when there appears cause for which the court acting reasonably would feel bound in duty so to do." (Internal quotation marks omitted.) Steve Vighone Sheet Metal Co. v. Sakonchick, 190 Conn. 707,710-11, 461 A.2d 1037 (1983).
"[A] foreclosure action constitutes an equitable proceeding. . . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Internal quotation marks omitted.) Northeast Savings F.A. v. Hintlian, 241 Conn. 269, 275,696 A.2d 315 (1997).
First, the court deems it necessary to address an issue raised by the defendant, Russell Mahler. The defendant seems to assert that because he was not properly served with process, equity weighs in favor of granting the motion to open. Notably, however, the defendant does not argue that the court lacks personal jurisdiction over him as a result of the alleged faulty service of process.
In deciding whether to exercise its equitable powers in this case, the court first looks to General Statutes § 52-57 (a), and cases interpreting it, for guidance. General Statutes § 52-57 (a) provides: "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." In GMAC Mortgage Corp. v. Barclay, Superior Court, judicial district of Hartford, Docket No. CV 99 05937115 (June 15, 2000, Stengel, J.), the defendant sought to dismiss the strict foreclosure judgment against him for lack of personal jurisdiction. The defendant filed a motion to open the judgment and claimed that he was not properly served with process. Id. In denying the defendant's motion to open, the court found that "[a] mere denial [of service] by the defendants unsupported by corroborating evidence or circumstances should not be enough to justify the vacating of a judgment because to permit a defendant to impeach a summons by simply denying service would create chaos in the judicial system. . . . The rule that an officer's return of service may not be set aside upon the [uncontradicted] testimony of one witness does not place an undue burden on a person who in truth has not been legally served. . . . [I]t would be a rare occasion when a party who had not been served in accordance with legal requirements would be unable CT Page 45 to corroborate his testimony though that of his neighbors, friends or family or by way of documentary evidence." (Citations omitted; internal quotation marks omitted.) Id. Although the court in GMAC Mortgage Corp.v. Barclay was faced with a motion to open a strict foreclosure judgment based exclusively on the defendant's claim of lack of personal jurisdiction, the present action presents a very similar situation. Thus, the court's reasoning in GMAC Mortgage Corp. v. Barclay, supra, Superior Court Docket No. CV 99-05937115 is persuasive.
In the present case, Marshal James Morrissey's return indicates that he made abode service at 14 Michelle Lane, Madison, Connecticut. (Sheriffs Return, June 9, 2001.) The Marshal, in a parenthetical, noted that "[t]he papers were given to [the defendant's] wife who confirmed that her husband [resided] at the above address." Id. The defendant, in his affidavit, admitted that 14 Michelle Lane, Madison, Connecticut is his usual place of abode. (Mahler Affidavit, Paragraph 4.) The defendant has not provided any evidence, other than his self-serving affidavit,[1] that would lead the court to conclude that he did not receive service of process. Within the context of a motion to dismiss for lack of personal jurisdiction, this evidence alone would be insufficient to overcome the presumption of truth attached to a sheriffs return. Ludacer v. Visual Design Group,Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 95 0149411 (August 8, 1996, Lewis, J.) see also Knipple v.Viking Communications, Ltd., 236 Conn. 602, n. 9, 674 A.2d 426 (1996). Likewise, the defendant's affidavit here is insufficient to overcome the presumption of truth attached to Marshal Morrissey's return. A plea for the court to impose its equitable powers to open the judgment in this case cannot be buttressed with evidence that would not support an argument that the defendant was improperly served under General Statues § 52-57 (a). As a result, the defendant's assertion that he was not served with process is unpersuasive.
"One of the essential requirements for the granting of [a motion to open judgment] is that the evidence which the party seeks to offer could not have been known and with reasonable diligence produced at trial."Corbin v. Corbin 179 Conn. 622, 626, 427 A.2d 432 (1980). Although the present action did not find its resolution at trial, the Supreme Court's words hold no less meaning in the procedural backdrop of this case. The defendants argue that they have defenses available to them that they can assert against the plaintiff. Neither of the defendants, however, demonstrated reasonable diligence in attempting to appear before the court and answer the plaintiffs complaint. Additionally, the defendants failed to produce a scintilla of evidence of their defenses at any stage along the path to this court's granting of strict foreclosure. The defendants' attempt to avail themselves of the equitable protection of CT Page 46 the court at his stage of the proceedings, despite their unwillingness to appear when appropriately summoned and thereby afforded an opportunity to defend the plaintiffs action is, simply put, too little too late.
The defendants never asserted their defenses with regard to the mortgage note prior to the rendering of the judgment of strict foreclosure. Therefore, any belated claim that they have meritorious defenses, in an effort to convince the court to open its previous judgment, is overdue and unconvincing. The defendants had an opportunity to answer the complaint and have not articulated any mistake or accident that abrogated their responsibility to appear before this court. The defendants' failure to assert their defenses was a result of their own neglect. As a result, their motion to open judgment is denied.
 ___________________ Donald W. Celotto Judge Trial Referee