[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action is an appeal brought pursuant to General Statutes § 8-8
by the plaintiffs, Stuart and Barbara Herman (hereinafter "the Applicants") from a decision by the Planning Commission of the town of Redding (hereinafter "the Commission") denying the Applicants' request to subdivide a certain parcel of land (hereinafter "the property") into two lots. The property is owned by the Applicants and is located on Newtown Turnpike and Long Wall Road in Redding and is approximately 8.35 acres in size.
The Commission held public hearings on the Applicants' request on January and February 13, 2001. The Applicants presented to the Commission a drawing entitled "Lot 19-A2 Site Development and Erosion and Sediment Control plan" which showed the proposed house within the setback requirements. The Applicants also informed the Commission that they had applied to the Redding Zoning Board of Appeals for a variance from the setback requirements. During the course of those hearings, the Commission also heard from and received reports and documents from various professionals. The hearing was closed on February 13, 2001, after which the Commission deliberated and voted to deny the subdivision request and expressed its reasons in the form of two motions which stated as follows:
 MOTION I
To deny the development of Land Requiring Special Precautions for Development on Subdivision Application #486, Stuart Herman, 301 Newtown Turnpike.
The Applicant has not demonstrated that there will be no adverse impact to health, safety, natural resources, the natural environment and the indigenous character of the land as required by Section 4.1.6 of the Subdivision Regulations and defined in Section 3.2a through 3.2g, "Land Requiring Special Precautions for Development." CT Page 4027
Section 3.3.3, "Development of Land Requiring Special Precautions" requires a report "To determine whether limitations are necessary." The regulations state in Section 3.3.3, paragraph 2 and 3.3.3a. through e:
To determine whether limitations are necessary, a written report, prepared by a qualified professional, shall be submitted with the requisite data mapping for each proposed lot and shall evaluate the significance of each of the relevant features described in S.R. 3.2 "(a)" through "(g)" as they relate to the site and its environs. The impact of the proposed development on features identified in "(a)" through "(g)" shall be analyzed in terms of:
a. Erosion, storm runoff, flooding, soil fertility and stability, and the siltation of lowlands and watercourses.
b. The quality and quantity of recharge to natural aquifers, both unconsolidated and bedrock.
c. Wholesomeness and purity of surface waters entering water supply streams, based on U.S. Public Health Service drinking water standards.
d. Natural capacity of soils to accommodate waste discharges and storm water runoff.
e. Disturbances or alteration of the natural, indigenous character of the land.
This report has not been submitted. Both proposed lots consist of severe and very severe soils as classified by the U.S.D.A. Soil Conservation Service.
 MOTION II
To deny Application #486, Stuart Herman for the following reasons:
1. In the first Motion, the Commission denied the Development of Land Requiring Special Precautions for Development.
2. Lot 19-A2 is shown on the "Lot 19-A2 Alternate A Site Development Erosion Sediment Plan," Revised 1/18/01. This is the Site Development Plan that was approved by the Conservation Commission. It is shown with a thirty-foot front setback. The Planning Commission cannot approve a lot that does not conform to Town Zoning Regulations. CT Page 4028
3. The Planning Commission's engineering consultant confirms that the front of Lot 19-A1 will be subject to road run-off. There is no plan showing that run-off will be directed away from the house site and septic leach field. Therefore, this lot does not conform to Subdivision Regulations 3.1, 1.2b or 1.2f.
4. The Planning Commission's engineering consultant has witnessed a groundwater discharge — seepage area in the "swale between the leach field and wetland." Since he advises that the area could receive effluent, it must be monitored with a groundwater well to determine spring water levels prior to approval of this lot. This lot does not meet the requirements of Subdivision Regulations 3.1, 1.2b or 1.2f.
5. In a previous subdivision by the same applicant (Herman, Application #480, approved October 1999), the Planning Commission approved a road waiver on an adjacent 41.6 acre parcel. The waiver was for 1,850 feet of road length in lieu of 750 feet as regulated, and 20 feet of road width in lieu of 24 feet as regulated. Discussion at the time of the road waiver approval by the Planning Commission centered on the unusually large amount of extra road length being approved, and this was justified by the small number of houses to be served by the road. The standard of approval as discussed was that the road should not serve more houses than would feasibly be served by a road conforming to the 750 foot regulatory maximum. Thus the waiver was granted for nine new lots and no new lots were anticipated in the very wet adjacent area, which is now before us as Application #486. The current proposed lot A-2 will add additional traffic to this road (now called Long Wall Road).
Thereafter, the Applicants filed this appeal. Although they raise nine grounds on appeal they admit that some overlap. Properly distilled, there are four grounds raised in their claim that the Commission erred in denying their application: (1) that the Commission did not apply the proper sections of the subdivision regulations; (2) that the Commission's concern with the road run-off was unwarranted and could not adversely affect the public health and safety; (3) that the Commission should not have considered the setback of the proposed house on the site; and (4) that there was no evidence that the subdivision would add additional traffic to Long Wall Road.
The plaintiffs have the burden of establishing aggrievement in an administrative appeal. Hughes v. Town Planning Zoning Commission,156 Conn. 505 (1968). In reviewing a land use agency's decision, the trial court may not substitute its own judgment for the agency's findings of fact. R.B Kent Sons, Inc. v. Planning Commission,21 Conn. App. 370, 373 (1990). Pelliccione v. Planning ZoningCT Page 4029Commission, 64 Conn. App. 320, 327-28, cert. denied, 258 Conn. 915
(2001).
"`Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations . . . The [decision] must be sustained if even one of the stated reasons is sufficient to support it.' Protect Hamden/North Havenfrom Excessive Traffic Pollution, Inc. v. Planning ZoningCommission, 220 Conn. 527, 544 (1991)." Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 208 (1995).
As an initial matter, this court finds that the Applicants are aggrieved by the Commission's decision. However, for the reasons that follow, this court rejects the Applicants' claims.
The Applicants claim that the Commission erred in denying their application because the Commission relied upon the wrong section of the subdivision regulations. The Applicants assert that because they already had the approval of the Town's Wetland Agency, then Section 3.3.3 of the Redding Subdivision Regulations was not applicable because Section 3.3.4 states that the requirements of Section 3.3.3 do not apply when a Town's Wetland Agency has already granted approval.
The Commission argues that the Applicants are in error because the Commission denied the application on the basis that the Applicants had failed to meet the requirements of Section 4.1.6. The Commission contends that the reference to Section 3.3.3 Motion I "is not dispositive" and essentially that it is obiter dictum. To support this view, the Commission points to its deliberations during which there was discussion concerning the impact of the application on the health safety and natural resources but no discussion about the lack of a report under Section 3.3.3.
The court agrees with the Commission. In Motion I, the Commission stated that the Applicants had failed to meet the requirements of section 4.1.6. After reviewing the entire record, the Court finds that the Commission's deliberation focused upon the requirements of Section 4.1.6, and did not mention the absence of a report. It is clear to the Court that the Commission applied the proper regulations. Consequently, there is no need to look further at the issue. See Aetna ServiceStations, Inc. v. Zoning Board of Appeals, 153 Conn. 717, 718 (1966).
The Applicants also claim that the Commission's denial based upon its CT Page 4030 concern with the road run-off was unwarranted and unsupported by the evidence. The Commission argues that this was a debatable question of fact and that its decision is supported by the record. The court agrees with the Commission.
The effect of road run-off on the lot was contested below. The Commission had a memorandum from its engineer, James MacBroom, which raised concerns about the effect of road run-off to the lot. This was sufficient evidence about the issue. See Pelliccone v. Planning Zoning Commission, supra, 64 Conn. App. 338-39. The Commission had the "`discretion to resolve debatable questions of fact, and on appeal the issue is whether the agency's decision on factual questions is reasonably supported by the record, in which case the court should not substitute its judgment for that of the commission.' R. Fuller, Land Use Law and Practice, § 33.3, p. 568." Roraback v. Planning ZoningCommission, 32 Conn. App. 409, 412 (1993). See also Westport v. Norwalk,167 Conn. 151, 161 (1974). Here, the Commission was entitled to credit MacBroom's memorandum and to resolve the question of fact in the manner in which it did. Accordingly, the Applicant's claim of error is rejected.
The conclusions of the land use agency must stand if one of the state reasons for the denial is supported by the record and the agency interpreted and applied their regulations to the facts with reasonable discretion. Pelliccone v. Planning Zoning Commission, supra,64 Conn. App. 327-28. Consequently, there is no need to address the other issues raised by the Applicants. See Aetna Service Stations, Inc. v.Zoning Board of Appeals, supra, 153 Conn. 718.
The appeal is dismissed.
Jack W. Fischer, Judge CT Page 4031