CASPER ALISHAUSKY *vs.* JOHN A. MACDONALD, STATE HIGHWAY COMMISSIONER.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 5th—decided June 27th, 1933.

*Michael V. Blansfield* and *John E. Whalen,* for the appellant (plaintiff).

*Bernard A. Kosicki,* Assistant Attorney-General, with whom, on the brief, was *Warren B. Burrows,* Attorney-General, for the appellee (defendant).

MALTBIE, C. J. This is an appeal from an appraisal of damages made by the highway commissioner for the taking for highway purposes of certain land with the buildings thereon owned by the plaintiff, under the provisions of § 269a of the General Statutes, Cum. Sup. 1931, and §§ 1528 to 1531 of the Revision of 1930. The state referee, to whom the matter was referred, in his report, after reciting the preliminary steps taken in the proceeding and stating that he had viewed the premises, simply found that the plaintiff had sustained damages to a certain amount. The plaintiff

filed a motion to recommit for certain additional findings by the referee. These requested additions fall into three classes: First, findings as to the amount which the plaintiff paid for the property when he purchased it in 1927, the amount he had spent to repair the buildings, the rental income, the cost of reproduction and the uses to which the property could be put; second, summary statements of the evidence of various witnesses as to the value of the premises; and third, certain claims of law the plaintiff alleged he had made to the referee. The plaintiff also filed a remonstrance based upon the neglect of the referee to state the same matters in his report. The trial court denied the motion and sustained a demurrer to the remonstrance, and from a judgment entered on the report the plaintiff has appealed.

The granting or denial of the motion to recommit was within the discretion of the trial court reviewable only for abuse. *Fox* v. *South Norwalk*, 85 Conn. 237, 240, 82 Atl. 642. The facts falling within the first class were, as the trial court pertinently observed in its memorandum of decision on the motion, evidential in their nature and would not necessarily affect the conclusion of the referee as to the damages to which the plaintiff was entitled, and the evidence summarized later in the motion discloses that the referee had before him the opinion of expert witnesses as to value which would amply sustain his conclusion. The addition to the report of the statement of this evidence would not be proper, for evidence has no place in the report of a referee. Practice Book, p. 264, § 98; *Mathews* v. *Sheehan*, 76 Conn. 654, 664, 57 Atl. 694. The rule of court just referred to makes it the duty of a committee to state such claims of law as were made by the parties and which either party desires to have determined by the court. This presupposes that the committee shall

be informed before filing his report of the desire of a party to have his claims of law stated and carries a connotation to the effect that the committee shall state his rulings thereon. As the motion does not allege that the plaintiff expressed to the referee a desire to have his claims of law stated, he cannot rest his motion upon failure of the referee to obey the rule. Nor does the motion allege that the referee overruled his claims of law or ask for a statement of his rulings upon them. The motion does not lay a sufficient foundation for a recommittal of the report for the inclusion of these claims as a matter of right.

The first claim of law stated in the motion is clearly unsound. It was to the effect that the fair market value of the land could not be determined by the value in a time of "temporary economic depression . . . and stringency of the money market," but must be taken as of a time "preceding the depression." As the motion lays no basis for any consideration of a temporary financial depression other than the general conditions through which we are passing, we must assume that the claim of the plaintiff referred to these conditions. Aside from the impracticability of applying the rule of valuation suggested, it would be manifestly unsound. The purpose of an appraisal of damages in condemnation is to give to the landowner an equivalent in value for the land taken measured in money. In a time of general depression the money so received will purchase much more than in normal times; if, for instance, the plaintiff desired to purchase other land in place of that taken he could buy a much more desirable property for the same money in a time of general depression than he could when values were at a higher level. The fair market value at the time of the taking is the true rule of valuation; *Tide Water Canal Co.* v. *Archer*, 9 G. & J. (Md.) 479, 527; *Alexian Brothers* v. *Oshkosh*, 95

Wis. 221, 224, 70 N. W. 162; *Dean* v. *County Board of Education,* 210 Ala. 256, 260, 97 So. 741; 20 C. J., p. 826, § 262; and that prices are generally depressed at the time affords no sufficient reason for departing from that rule. The second claim of law was that the fair market value of the property should be based upon its actual earning capacity to the owner thereof and not upon the opinion of some third party as to its earning capacity; but this claim has no application to any facts in the report as filed or to any which it is sought to add to it. The third claim of law was that the income and earning capacity of the property is not alone controlling as to the fair market value, but that a prospective purchaser often looks not only to its present and past income but also to its adaptability to future uses and profit; this claim is so clearly correct that we cannot assume that the referee did not, so far as these were relevant considerations, apply them, and the motion does not state otherwise.

We cannot say that the trial court was in error in denying the motion to recommit. The same considerations, to go no farther, justify the sustaining of the demurrer to the remonstrance.

The plaintiff filed an application to rectify the appeal by ordering all the exhibits in the case transmitted to this court. In order to make the exhibits offered before the referee available before the court, the plaintiff should have annexed them to his remonstrance in connection with the excerpts of evidence attached. There is no basis upon the record before us for their use upon the appeal and the application is denied.

There is no error.

In this opinion the other judges concurred.