In the Matter of the Application and Petition of the BOARD OF WATER SUPPLY OF THE CITY OF NEW YORK to Acquire Real Estate for and on Behalf of the City of New York under Chapter 724 of the Laws of 1905 and the Acts Amendatory Thereof and Supplemental Thereto.

DELAWARE SECTION 6.

PARCEL No. 1254, EZRA AND MARIE EMPT, Claimants.

PARCEL No. 1273, LUCY BARTHEL, Claimant.

THE BOARD OF WATER SUPPLY OF THE CITY OF NEW YORK, Petitioner, Appellant; EZRA EMPT, MARIE EMPT and LUCY BARTHEL, Claimants, Respondents.

Third Department, December 29, 1937.

*Paul Windels, Corporation Counsel [Henry R. Bright and John E. Egan of counsel], for the petitioner, appellant.*

*Thomas J. Plunket [George F. Kaufman of counsel], for the claimants, respondents.*

CRAPSER, J. By the order appealed from the court confirmed and ratified the award of $19,550 for the taking of parcel 1254 and rejected the award of $550 for the taking of parcel 1273 with directions as to this award that the matter be further considered by the same commissioners.

The property was taken by the city of New York on the 16th of November, 1936. The commissioners held their first meeting on the 18th of November, 1936, and viewed the premises and the evidence of the respective parties was later taken.

Parcel 1254, owned by Ezra Empt and wife, contained fifty acres. Upon the property was a twelve-room house, a four-car garage, a large combination barn and icehouse, a building containing living quarters, a large restaurant and service station building, an artificial lake, a reservoir and underground pipe system and many construction fixtures and improvements.

The taking of this parcel included every building structure and improvement without exception. All that was left to the respondents was about seventeen and one-half acres of wooded land on a mountain side at the very rear of the property.

This property was acquired by Empt in 1924 for a consideration of $5,000. There were no buildings or structures upon it except a large farm house without modern conveniences, a barn and an outdoor toilet. It was at that time devoted to farming but it had outstanding possibilities for a business development. Empt almost completely remodeled the main house, making it suitable and convenient for the accommodation of paying guests, installing modern plumbing and baths, electric lights, and refinishing and redecorating the property, both inside and out, as well as doing a great deal to make its surroundings attractive.

The claimants presented a claim in the sum of $55,000 for the taking of this parcel.

The award of the commissioners was not unanimous, the majority made an award of $19,550 against the city of New York for the taking of this parcel.

The property was taken by the city on November 16, 1936. The claimants contend that on such date there was not a fair market for real estate in that vicinity and that a fair market had not existed since October 1, 1930, due to the depression. On the authority of *Heiman* v. *Bishop* (272 N. Y. 83), the claimants' witnesses were permitted to testify directly as to the value of the property as of October, 1930. In addition, to substantiate their claim, the claimants offered the testimony of a builder who estimated the values of the structures and improvements on a basis of their reproduction costs less depreciation as of November, 1936. The witness testified to a total reproduction cost, new, less depreciation, of all the structures upon this property of $30,577. This evidence was allowed by the commissioners over the objection of the petitioner.

The petitioner offered evidence that between January 1, 1930, and the 16th day of November, 1930, there were recorded in the county clerk's office conveyances of property in the town of Wawarsing to the number of one hundred and seventy-five deeds, all but seven of which were ordinary deeds, and from January 1, 1936, to November 13, 1936, that there was a total of one hundred and seventy-seven deeds in said town, all but fourteen of which were ordinary deeds. In the month of November, 1936, there were twenty deeds in said town and there were twenty-four in the month of December, 1936.

The petitioner offered as a witness one Hyatt who gave evidence of the value of the property as of the 16th day of November, 1936; also they offered testimony of one Van Wagenen, who gave evidence as to the value of the property for agricultural purposes. This property was not an agricultural property but a summer resort property and had been for many years.

It is the contention of the petitioner that the commissioners erroneously adopted the theory of the claimants as to the absence of a fair market value on the taking date and ignored the evidence of the petitioner as to the value upon that date.

The Constitution of the State guarantees that private property shall not be taken for public use without just compensation to the owner. It is provided by the act by which the petitioner is permitted to take this property that the commissioners of appraisal shall ascertain, determine and award to the owners of and persons interested in real property acquired by condemnation their own just and equitable compensation. (Laws of 1905, chap. 724, § 12.)

In *Alishausky* v. *MacDonald* (117 Conn. 138; 167 A. 96) the court rejected the theory that the fair market value of land could not be determined by its value in a time of temporary economic depression.

On the other hand, the court in *Howell* v. *State Highway Department* (167 S. C. 217; 166 S. E. 129) accepted such theory and held in substance that the actual value of land taken is the fair market value in normal times.

The owner in condemnation is entitled to the value of the property taken, and that means what it fairly may be believed that a purchaser in fair market conditions would have given for it. (*New York* v. *Sage*, 239 U. S. 57.)

In *Olson* v. *United States* (292 U. S. 246, at p. 255) it is said: " Just compensation includes all elements of value that inhere in the property, but it does not exceed market value fairly determined. The sum required to be paid the owner does not depend upon the uses to which he has devoted his land but is to be arrived at upon just consideration of all the uses for which it is suitable. The highest and most profitable use for which the property is adaptable and needed or likely to be needed in the reasonably near future is to be considered, not necessarily as the measure of value, but to the full extent that the prospect of demand for such use affects the market value while the property is privately held."

In *Matter of Van Etten* v. *City of New York* (226 N. Y. 483, at p. 489) the court says: " In eminent domain the rule is established beyond room for discussion that he from whom the title of the condemned property is taken is entitled to the compensation. The time of the acquisition of title by the condemnor is the time at which the right to compensation and its amount accrued and the then grantor *in invitum* is the owner of and the party entitled to be paid the compensation.

In *Matter of Simmons* (*Ashokan Reservoir, Sec. No. 6*) (130 App. Div. 350; 195 N. Y. 573) the court said: " It is unnecessary to discuss the question whether the commissioners erred in refusing to permit the owner to show the value of the structures upon the land further than to say that it is the market value of the land with the buildings and other improvements thereon that is the measure of compensation. The buildings put upon the land are simply adjuncts to the freehold. They add to its value and are properly included in an appraisal of it, but it is the value of the land and structures which is to be determined and not the cost of them. For these reasons it has been held that testimony of the structural value of buildings is not competent in proceedings of this kind."

The just compensation which is granted to the owner whose property is taken for public use is its fair market value at the time taken. (*Matter of Daly*, 72 App. Div. 394; *Matter of East River Gas Co.*, 119 id. 350; *Village of St. Johnsville* v. *Smith*, 184 N. Y. 341; *Moulton* v. *Newburyport Water Co.*, 137 Mass. 163.)

In determining the question of value it is proper to show the condition of the property and its surroundings, the use to which it has been applied, and its capacities for other uses, and then the witness can give an estimate of its value in consideration of all the uses and estimates of value; but he cannot give an opinion of its value for any special use. It is only when it is shown that the chances or probability of a sale for some special use have affected the price which the property would bring in the market that its availability or adaptability can be considered in determining the market value. (*Matter of Simmons* [*Ashokan Reservoir, Sec. No. 7*], 130 App. Div. 356, 359.)

The commissioners were not bound to accept the estimates of experts. They viewed the premises and heard all the evidence and from the evidence they were to determine the fair market value of the premises at the taking date.

It was error to receive the evidence of the claimants offered as to the market value of the property in 1930.

The claimants were entitled to show every element that had any relevant bearing upon the value of the property, the proof of the structural cost of the buildings, the availability of the structures upon the land for the use for which they had been built and any and all matters that could form a basis upon which an expert could testify as to the market value at the taking date. It is true that the claimants may have awarded to them less than what the property would have brought in 1930, but if that be a fact it is not controlling and the amount that the claimants are entitled to have paid them is the fair market value on the date that the land was taken.

I cannot agree with the court below that the commissioners in awarding $550 to Lucy Barthel for parcel 1273 were in error. They examined the property and they heard the testimony of the availability for bungalow sites, they were not bound to accept that testimony, no bungalows had been built upon the property, and it is quite probable that they regarded that testimony as too speculative and uncertain to require it to be given any weight.

So much of the order appealed from as disapproves of the award of $550 to Lucy Barthel as compensation for the taking of parcel 1273 is reversed and the award of the commissioners is ratified and approved. So much of the said order as approves the report and award of compensation in the amount of $19,550 to Ezra and Marie Empt for the taking of the parcel of land designated in this proceeding as parcel 1254 is disapproved and rejected and the claim of Ezra and Marie Empt for the taking of parcel 1254 is remitted to the same commissioners for reconsideration.

RHODES and McNAMEE, JJ., concur; HILL, P. J., and BLISS, J., dissent on the following grounds: That there was evidence as to market value at the time of the taking by the city; that evidence as to earlier value was given both by the city and the claimants. It does not appear that the evidence as to earlier value was given improper consideration by the commission in determining the amount of the award.

So much of the order appealed from as disapproves of the award of $550 to Lucy Barthel as compensation for the taking of parcel 1273 is reversed and the award of the commissioners is ratified and approved. So much of the said order as approves the report and compensation in the amount of $19,550 to Ezra and Marie Empt for the taking of the parcel of land designated in this proceeding as parcel 1254 is disapproved and rejected and the claim of Ezra and Marie Empt for the taking of parcel 1254 is remitted to the same commissioners for reconsideration.