THE E. & F. CONSTRUCTION COMPANY *v.* HOWARD S. IVES, HIGHWAY COMMISSIONER

KING, C. J., HOUSE, COTTER, THIM and RYAN, Js.

Argued April 3—decided April 30, 1968

*Elaine S. Amendola,* with whom were *Jacob D. Zeldes* and, on the brief, *David Goldstein* and *John P. Chiota, Jr.,* for the plaintiff.

*Clement J. Kichuk,* assistant attorney general, with whom, on the brief, were *Robert K. Killian,* attorney general, and *Jack Rubin,* assistant attorney general, for the defendant.

COTTER, J. The questions now reserved to us arise by virtue of a motion of the plaintiff asking for an award of additional interest on a judgment rendered in favor of the plaintiff in a proceeding in eminent domain brought pursuant to General Statutes § 13a-73. The plaintiff appealed to the Superior

Court from the assessment of damages in the amount of $415,500 by the defendant for the taking of its property in Bridgeport for the relocation of route 25, Bridgeport-Newtown Road. That sum of money was deposited with the court in accordance with General Statutes § 48-11 and was withdrawn by the plaintiff pursuant to that statute. The appeal from that assessment was referred to a state referee, who reassessed damages in the amount of $643,700. The court accepted the report of the referee and, inter alia, ordered interest to the date of rendition of judgment on the additional amount found by the referee to be due which had not been deposited with the clerk of the Superior Court for the use of the plaintiff at the time of taking. The plaintiff filed its motion for an award of additional interest on the increased amount computed from the date of the judgment to the date of payment of that amount.[1]

The questions reserved for the advice of this court are three in number and are set forth in the footnote.[2] In the view which we take of the case,

---

[1] Although the questions raised could have been decided by the trial court and would have afforded the relief sought at the trial level at an earlier time, we have decided to accept the reservation based upon the stipulation of the parties in order to avoid further delay in the determination of an issue regarding postjudgment interest in condemnation cases which is a recurring question for determination in cases involving the defendant's exercise of the power of eminent domain. See Barr v. First Taxing District, 147 Conn. 221, 224, 225, 158 A.2d 740.

[2] "1. Is the defendant obligated to pay to the plaintiff interest upon the additional damages in the amount of $228,200.00 awarded to the plaintiff in accordance with the judgment of the Superior Court for the period from October 7, 1966, the date of judgment, to November 8, 1966, the date of payment?

"2. If the period for which the plaintiff is entitled to said interest is shorter in duration than the October 7, 1966, to November 8, 1966, period, is the defendant obligated to pay to the plaintiff

the answer to the first question is dispositive of the reservation, and it becomes unnecessary for us to answer questions two and three as propounded.

Basically, it is the position of the defendant that payment of the judgment within a reasonable time after it has been rendered fulfils the constitutional requirement for payment of just compensation because otherwise "[i]t is impossible to conceive the ability of the . . . State . . . to make payment to the owner simultaneously with the instant of taking of the property or at the time of judgment being entered by the court" and that "[s]tatutory requirements for making payment as well as the bureaucratic process preclude such simultaneous exchange of interests and values at the time of entering judgment."

The issue in this case of a failure to award additional interest from the time of judgment to the date of payment is one of constitutional dimension.[3] A statutory rule for compensation cannot be pro-

---

interest upon the additional damages in the amount of $228,200.00 awarded to the plaintiff in accordance with the judgment of the Superior Court for the period from October 11, 1966, the date the clerk of the Superior Court forwarded certified copies of the assessment of the Commissioner and of the judgment to the Comptroller, to November 8, 1966, the date of payment?

"3. If the period for which the plaintiff is entitled to said interest is shorter in duration than the October 7, 1966, to November 8, 1966, period, or the October 11, 1966, to November 8, 1966, period, is the defendant obligated to pay to the plaintiff interest upon the additional damages in the amount of $228,200.00 awarded to the plaintiff in accordance with the judgment of the Superior Court for the period from October 13, 1966, the date the certified copies of the assessment of the Commissioner and of the judgment were received by the Comptroller, to November 8, 1966, the date of payment?"

[3] There is nothing in the record before us to show that there was any delay due to the fault of the landowner so as to preclude the payment of additional interest. See 27 Am. Jur. 2d 120, Eminent Domain, § 305.

vided by the legislature which is less favorable than that required by constitutional mandate. The right to just compensation cannot be taken away by statute or be qualified by the omission of a provision for interest. Article first, § 11, of the constitution of Connecticut and the fifth amendment to the constitution of the United States provide that private property shall not be taken for public use without just compensation, and the due process clause of the fourteenth amendment guarantees the landowner the protection of the portion of the fifth amendment which requires the states to pay just compensation for private property taken for public use. *Chicago, B. & Q.R. Co.* v. *Chicago,* 166 U.S. 226, 241, 17 S. Ct. 581, 41 L. Ed. 979; see *Malloy* v. *Hogan,* 378 U.S. 1, 4, 84 S. Ct. 1489, 12 L. Ed. 2d 653.

Just compensation means the full, perfect and exact equivalent, in money, for the property taken. *Monongahela Navigation Co.* v. *United States,* 148 U.S. 312, 326, 13 S. Ct. 622, 37 L. Ed. 463; *United States* v. *Miller,* 317 U.S. 369, 63 S. Ct. 276, 87 L. Ed. 336, rehearing denied, 318 U.S. 798, 63 S. Ct. 557, 87 L. Ed. 1162; 27 Am. Jur. 2d 53, Eminent Domain, § 266. The United States Supreme Court to avoid use of the term "interest" has stated that where property is taken before payment is made just compensation includes an additional sum which is "an amount sufficient to produce the full equivalent of that value paid contemporaneously with the taking." *United States* v. *Klamath & Moadoc Tribes of Indians,* 304 U.S. 119, 123, 58 S. Ct. 799, 82 L. Ed. 1219; *Jacobs* v. *United States,* 290 U.S. 13, 17, 54 S. Ct. 26, 78 L. Ed. 142; *Seaboard Air Line Ry. Co.* v. *United States,* 261 U.S. 299, 306, 43 S. Ct. 354, 67 L. Ed. 664.

A landowner, if there is no fault for delay on his

part, is entitled to interest to the date of payment as a proper element of damages for the taking. See *Salgreen Realty Co.* v. *Ives,* 149 Conn. 208, 212, 177 A.2d 673; *Clark* v. *Cox,* 134 Conn. 226, 228, 229, 231, 56 A.2d 512; cf. *Redevelopment Agency* v. *Norwalk Aluminum Foundry Corporation,* 155 Conn. 397, 403, 233 A.2d 1; *Woodworth* v. *Commonwealth,* 230 N.E.2d 814 (Mass.); *Wolf* v. *Commonwealth,* 403 Pa. 499, 507, 170 A.2d 557; 27 Am. Jur. 2d 109, Eminent Domain, § 297; 29A C.J.S. 762, Eminent Domain, § 176(1)(a); 1 Orgel, Valuation Under Eminent Domain (2d Ed.) § 5; 3 Nichols, Eminent Domain (3d Ed.) § 8.63; Jahr, Eminent Domain, Valuation & Procedure § 176; 2 Lewis, Eminent Domain (3d Ed.) § 742.

The defendant is obligated to pay interest to the plaintiff on the additional damages awarded to the plaintiff in accordance with the judgment from the date of judgment to the date of payment in the amount of $1217.06, the amount of interest for that period of time as stipulated to by the parties.

We answer question one in the affirmative. Questions two and three will not be answered.

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.