TEXTRON, INC. *v.* COMMISSIONER OF TRANSPORTATION

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued October 12—decision released November 21, 1978

*Bruce W. Manternach,* with whom, on the brief, were *David T. Ryan* and *Charles L. Howard,* for the appellant (plaintiff).

*William A. McQueeney,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant).

COTTER, C. J.   Pursuant to General Statutes § 13a-57, on September 8, 1966, the state highway department filed a map in the New Britain town clerk's office depicting the layout of a proposed state highway, route 72, which was to run through a portion of the plaintiff's property. On August 22, 1973, the commissioner filed a certificate of taking pursuant to § 13a-73 (b) of the General Statutes and deposited the sum of $356,000, which he assessed as damages, with the clerk of the Superior Court. The plaintiff brought an action for a declaratory judgment to determine the date of the taking of its property, and, in a decision released on December 3, 1974, this court affirmed the trial court's conclusion that the property in question was taken in a constitutional sense on September 8, 1966. *Textron, Inc.* v. *Wood,* 167 Conn. 334, 355 A.2d 307.

Prior to this court's decision on the defendant's appeal from the judgment in the plaintiff's action seeking declaratory relief, the plaintiff also filed a timely appeal in the Superior Court from the defendant's August, 1973 assessment of damages. In that case, which is the subject of the present appeal, the plaintiff alleged that the defendant's assessment of damages was inadequate. In its prayer for relief the plaintiff sought a reassessment of damages for: (1) the value of the property taken as of September 8, 1966, with interest thereon from and after that date; (2) moving costs incurred in the amount of $157,405, plus interest; (3) the delay between September 8, 1966, and August 22, 1973, in the form of interest at 6 percent on the value of the property taken; and (4) the loss incurred by the plaintiff due to the devaluation of the dollar since the date of taking and the payment of moving expenses.

The property taken was approximately 0.77 of an acre plus an easement of 0.09 of an acre. The court concluded that damages caused by the taking amounted to $487,055, and it awarded the plaintiff interest on that amount from September 8, 1966, until August 22, 1967, the date on which the plaintiff moved from the site. Adopting the plaintiff's determination of moving costs in the sum of $157,405, the court awarded interest on $644,460 from the moving date until August 22, 1973, the date on which the certificate of taking was filed. And, since the defendant deposited $356,000 on August 22, 1973, the plaintiff was also granted interest on the remaining $288,460 from that date until the date of payment.[1]

---

[1] The plaintiff's recovery also included costs and an appraisal fee of $6,000.

From that judgment rendered on June 13, 1977, and modified on June 29, 1977, the plaintiff has appealed to this court claiming error in the trial court's refusal to adjust the amount awarded in order to compensate it for the inflation which it claimed had taken place between the date of taking and the date of judgment.[2]

On many occasions, we have postulated the rule that the damages sustained in a taking by eminent domain are to be measured as of the date of the taking. *St. John* v. *Commissioner of Transportation,* 172 Conn. 234, 239, 374 A.2d 190; *Research Associates, Inc.* v. *New Haven Redevelopment Agency,* 152 Conn. 137, 139, 204 A.2d 833; *Colaluca* v. *Ives,* 150 Conn. 521, 531, 191 A.2d 340; 6A Nichols, Eminent Domain (3d Ed.) § 27.25; 26 Am. Jur. 2d, Eminent Domain § 131. Although the statutory date for property taken by the state for highway purposes is the one on which the assessment is filed with the clerk of the Superior Court; *Slavitt* v. *Ives,* 163 Conn. 198, 206, 303 A.2d 13; in *Textron* v. *Wood,* supra, we held that the plaintiff's property was actually taken "in the constitutional sense" some seven years earlier, on September 8, 1966. The damages to which the plaintiff is entitled, therefore, are measured as of that earlier date. *St. John* v. *Commissioner of Transportation,* supra.

---

[2] The plaintiff asks this court to reverse the judgment of the trial court and to remand the case with instructions that judgment be entered for the plaintiff to recover: "(1) $644,460 multiplied by the inflation factor of 1.42 to adjust for inflation from September 8, 1966, to August 22, 1973, when the state deposited $356,000 into court, less said sum of $356,000 or $559,133.20, plus (2) $228,460 multiplied by the inflation factor of 1.818 to adjust for the inflation on the balance of the award from September 8, 1966, to July, 1976, the time of trial, or $524,420.28; and (3) interest, costs and appraisal fee as provided in the original judgment as modified June 29, 1977."

"Just compensation" as required by the federal and state constitutions for private property taken for public use means "the full, perfect and exact equivalent, in money, for the property taken. *Monongahela Navigation Co.* v. *United States,* 148 U.S. 312, 326, 13 S. Ct. 622, 37 L. Ed. 463." *E. & F. Construction Co.* v. *Ives,* 156 Conn. 416, 420, 242 A.2d 768. Where, as here, there is a delay between the time of the taking and the actual date of payment, just compensation includes an additional sum which is "an amount sufficient to produce the full equivalent of that value paid contemporaneously with the taking." *United States* v. *Klamath & Moadoc Tribes,* 304 U.S. 119, 123, 58 S. Ct. 799, 82 L. Ed. 1219; *Jacobs* v. *United States,* 290 U.S. 13, 17, 54 S. Ct. 26, 78 L. Ed. 142. Interest at a reasonable rate is a suitable measure by which to ascertain the amount to be added. *United States* v. *Creek Nation,* 295 U.S. 103, 111, 55 S. Ct. 681, 79 L. Ed. 1331; *Seaboard Air Line Ry. Co.* v. *United States,* 261 U.S. 299, 306, 43 S. Ct. 354, 67 L. Ed. 664; see *E. & F. Construction Co.* v. *Ives,* supra; *Salgreen Realty Co.* v. *Ives,* 149 Conn. 208, 212, 177 A.2d 673; *Clark* v. *Cox,* 134 Conn. 226, 231–32, 56 A.2d 512; 1 Orgel, Valuation Under Eminent Domain (2d Ed.) § 5; 3 Nichols, Eminent Domain (3d Ed.) § 8.63.

"[I]t is the duty of the State, in the conduct of the inquest by which the compensation is ascertained, to see that it is just, not merely to the individual whose property is taken, but to the public which is to pay for it." *Searl* v. *School District No. 2, Lake County,* 133 U.S. 553, 562, 10 S. Ct. 374, 33 L. Ed. 740.

We adhere to the majority view in requiring the valuation of property taken by the state as of the

date of the taking without reference to the periodic fluctuation of the economy over time.[3]   See such cases as *United States* v. *158.76 Acres of Land,* 298 F.2d 559 (2d Cir.); *Forest Preserve District* v. *Eckhoff,* 372 Ill. 391, 24 N.E.2d 52; see *Alishausky* v. *MacDonald,* 117 Conn. 138, 141–42, 167 A. 96; annot., 92 A.L.R.2d 772, 780–83, § 4; 27 Am. Jur. 2d, Eminent Domain § 274.   In the absence of legislation to the contrary,[4] we cannot conclude that under the circumstances of this case it has been demonstrated that a change in that policy is mandated.

There is no error.

In this opinion the other judges concurred.

---

[3] Although the constitutional requirement of "just compensation" is satisfied by the award of interest in cases involving a delay in payment, a few courts have held that, under certain circumstances, it is proper to consider changes in the purchasing power of money as an element of the total award.  See cases cited in annot., 92 A.L.R.2d 772, 783, §§ 5 (a), 5 (b); 27 Am. Jur. 2d, Eminent Domain § 274.

[4] General Statutes § 13a-76a, which became effective on June 21, 1967, and is not retrospective in its operation; *Little* v. *Ives,* 158 Conn. 452, 262 A.2d 174; provides that, in determining the damages suffered for the taking of land, a referee may award additional damages resulting from an unreasonable delay between the filing of a map under the provisions of § 13a-57 and the filing of a certificate of taking under § 13a-73.   A review of the legislative history surrounding the enactment of this provision fails to reveal a legislative intent to authorize the award of additional sums as compensation for inflation.  12 S. Proc., Pt. 5, 1967 Sess., pp. 2331–2333; 12 H. R. Proc., Pt. 9, 1967 Sess., pp. 4281–4285.