SHELTON SEWER AUTHORITY *v.* SALVATORE
DEFILIPPO ET AL.
(2298)

DANNEHY, C.P.J., HULL and BORDEN, Js.

Submitted on briefs April 10—decision released July 31, 1984

*Salvatore DeFilippo,* pro se, the appellant (defendant), filed a brief.

*Michael A. Dowling* and *Bruce M. Killian* filed a brief for the appellee (plaintiff).

DANNEHY, C.P.J. This is an appeal[2] by the defendant[3] from the trial court's refusal to vacate the order or to open the judgment in a case brought for the assessment of damages in connection with the condemnation of the defendant's property by the plaintiff for the construction of a sewerage system.

There is no dispute about the basic facts in this case. In May, 1974, the defendant, Salvatore DeFilippo, owned property in Shelton. As part of a public works project, the plaintiff, a municipal sewer authority, desired to acquire a portion of that property for the

---

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[3] The first mortgagee of the property, The Derby Savings Bank, was also named as a defendant. The bank has not joined in this appeal and claims no interest in the compensation award to the defendant.

construction of a sewerage system.[4] The plaintiff was unable to agree with the defendant as to the compensation to be paid for the taking of the property. The plaintiff consequently petitioned on May 3, 1974, pursuant to General Statutes (Rev. to 1972) § 7-248[5] for

---

[4] General Statutes (Rev. to 1972) § 7-247 empowered any municipality by its sewer authority to acquire land by purchase, condemnation or otherwise for the construction and operation of a sewer system or systems.

[5] General Statutes (Rev. to 1972) § 7-248 provided: "DETERMINATION OF COMPENSATION FOR PROPERTY. Whenever the sewer authority is unable to agree with the owner of any property as to the compensation to be paid for the taking of such property, the sewer authority in the name of the municipality may petition the court of common pleas for the county or judicial district wherein such property is located, or a judge of said court if said court is not in session, to determine such compensation. Such petition shall be accompanied by a summons, signed by a competent authority, to be served as process in civil actions before said court, notifying the owner of the property to be taken, and all persons interested in such property, to appear before said court or such judge. Said court or such judge shall appoint a committee of three disinterested persons who shall be sworn before commencing their duties. Such committee, after giving reasonable notice to the parties, shall view the property in question, hear the evidence, ascertain the value, assess just damages to the owners or parties interested in the property so proposed to be taken and report its doings to said court or such judge. Said court or such judge may accept such report or reject it for irregular or improper conduct by the committee in the performance of its duties. If the report is rejected, said court or such judge shall appoint another committee, which shall proceed in the same manner as the first committee was required to proceed. If the report is accepted, such acceptance shall have the effect of a judgment in favor of the owner of the property against the municipality for the amount of the assessment made by the committee and, except as otherwise provided by law, execution may issue therefor. Said court or such judge may make any order in such proceedings necessary to protect the rights of all parties interested. Except as hereinafter provided, such property shall not be used or enclosed by the sewer authority until the amount of the assessment as so determined has been paid to the party to whom it is due, or deposited for his use with the state treasurer. Upon such payment or deposit, such property shall become the property of the municipality. The expenses and costs of such hearings shall be taxed by the court or judge. When it appears to the satisfaction of the court or judge at any stage of the foregoing proceedings that the public interest will be prejudiced by delay, said court or judge may direct that the sewer authority be permitted to enter immediately upon any real property proposed to be taken and to devote it to the public use specified in the petition upon the deposit with the clerk of the court of a sum to be

the appointment of a committee of three disinterested persons to ascertain the value of the land and to report its doings to the court. Section 7-248, at that time, provided that "[i]f the report is accepted, such acceptance shall have the effect of a judgment in favor of the owner of the property against the municipality for the amount of the assessment made by the committee and, except as otherwise provided by law, execution may issue therefor. Said court or such judge may make any order in such proceedings necessary to protect the rights of all parties interested."

Pursuant to that section, the trial court also directed that the plaintiff be permitted to enter immediately upon the property proposed to be taken, and to devote it to the public use specified in the petition upon deposit with the clerk of the court of a sum fixed by the court at $7900. On May 14, 1974, the plaintiff deposited the sum of $7900 with the clerk of the court and entered immediately upon the property.

On October 25, 1974, the trial court appointed as a disinterested committee a retired Superior Court judge, a local real estate broker and an attorney. At a hearing before this committee on May 5, 1978, the plaintiff submitted its appraisal of $7900. The defendant,

fixed by said court or such judge upon a notice to the parties of not less than five days. Such sum when so fixed and paid shall be applied, so far as necessary for that purpose, to the payment of any award that may be made with interest thereon from the date of the entry of the petitioner upon such real property, and the costs and expenses of the proceeding, and the residue, if any, shall be returned to the municipality."

The plaintiff's petition was brought to the Court of Common Pleas pursuant to § 7-248. After July 1, 1978, when the Court of Common Pleas was merged into the Superior Court pursuant to General Statutes § 51-164s, all pleadings were addressed to the Superior Court.

In 1978, General Statutes § 7-248 was revised to provide that the amount of compensation to be paid for the taking of property may be determined in the same manner specified for redevelopment agencies in accordance with §§ 8-129 through 8-133. The revised statute is not applicable to this case.

who at the hearing and at all times thereafter represented himself, submitted his valuation in the amount of $46,250.[6] After viewing the property and from all of the evidence, the committee assessed the damages at $10,500, and filed its report with the court on May 17, 1978. The court accepted the report on October 13, 1978, and rendered judgment ordering the plaintiff to pay the defendant the sum of $10,500.

The defendant refused to accept payment. After what plainly appears as an acerbic exchange of motions, the court on July 10, 1981, ordered again that the report of the committee be accepted; that the clerk of the court pay the defendant $7900 or deposit the same for his use with the state treasurer; and that the plaintiff pay the defendant the additional sum of $2600 or deposit said sum for his use with the state treasurer. The defendant then filed a motion to open the judgment and set aside the order. The court denied the motion. This appeal followed.

The case was assigned for hearing in this court on April 10, 1984, at which time the plaintiff appeared, but the defendant failed to appear. Mindful that the defendant is a layman and reluctant for that reason to impose swiftly the dismissal sanction authorized by Practice Book § 3109, the court recessed to determine his whereabouts. After a series of telephone calls, the clerk of this court communicated with the defendant in Bridgeport at the school where he was teaching. He said he had not been given notice that the case had been assigned for argument and requested permission to submit the case for decision on the records and briefs only, without oral argument. The plaintiff graciously acquiesced in the request, and our permission was granted.

---

[6] The defendant's appraisal was based on a $12,500 market value for the property and $33,750 for damage to his adjoining property which he claimed had resulted from the taking.

The statement of the issues intended for presentation on this appeal barely speaks for itself. We discern, with difficulty, only three issues which need be addressed: (1) whether the trial court erred in refusing to open the judgment and vacate its order; (2) whether the award of $10,500 is inadequate; and (3) whether the defendant is entitled to interest on the award of $10,500.

The defendant appears to claim that the order be set aside and the judgment opened on two grounds. He first argues that he never received a copy of the report of the committee and that as a result he was unable to examine the committee "as to their actions and conclusions surrounding their report." This claim is without merit. The committee's report was filed with the court on May 17, 1978, and thereafter was available for examination by the parties. As a matter of common sense, it is highly improbable that the defendant, an experienced licensed real estate broker and insurance appraiser, would be unaware of this and unable by ordinary diligence to obtain the report.

The defendant also claims that he was wrongfully denied the opportunity to submit new evidence to the committee. Essentially, the defendant sought to introduce evidence that in 1979 houses built in the immediate area of his condemned property on lots of similar size required no zoning variance as had previously been necessary.[7] This, he contends, would establish that his lot which was taken was a complete building lot and, therefore, of greater value than it would be otherwise. The construction of those houses in 1979, however, occurred after the date of the taking. The law is clear that damages sustained in a taking by eminent domain are to be measured as of the date of the taking. *Textron,*

---

[7] The defendant's lot measured 50 x 100 feet and was designated as lot no. 124 on a map entitled "Map of Epson Downs, Near Derby, Connecticut, The Property of John B. Scarlett, Scale 1″ - 60′, surveyed 1899. D.S. Brinsmade," filed for record in the Shelton town clerk's office.

*Inc.* v. *Commissioner of Transportation,* 176 Conn. 264, 267, 407 A.2d 946 (1978); *Research Associates, Inc.* v. *New Haven Redevelopment Agency,* 152 Conn. 137, 139, 204 A.2d 833 (1964). Thus, the defendant could not properly offer evidence to prove the value of his property at a time other than the date of taking.

The situation before us is similar to a petition for a new trial on the ground of newly discovered evidence under General Statutes § 52-270. The same conditions must apply. *Stocking* v. *Ives,* 156 Conn. 70, 72, 238 A.2d 421 (1968); *Kane* v. *Kane,* 118 Conn. 291, 294, 172 A. 84 (1934). "A party is entitled to a new trial on the ground of newly discovered evidence if such evidence is, in fact, newly discovered, will be material to the issue on a new trial, could not have been discovered and produced, on the trial which was had, by the exercise of due diligence, is not merely cumulative and is likely to produce a different result. . . . This rule is necessary, for without it there might never be an end to litigation. . . . The basic question which the trial court has to decide is whether upon all the evidence an injustice had been done. In deciding this question, the court has the exercise of a sound legal discretion, and its action cannot be disturbed unless this discretion has been abused." (Citations omitted.) *Turner* v. *Scanlon,* 146 Conn. 149, 163, 148 A.2d 334 (1959), quoted in *Burr* v. *Lichtenheim,* 190 Conn. 351, 355, 460 A.2d 1290 (1983). In view of these criteria and the fact that the record discloses that the defendant introduced similar evidence at the hearing in an effort to establish that his lot was a complete building lot,[8] we see no abuse

---

[8] The defendant appraised the value of lot no. 124 on the basis of its highest and best use as a complete building lot. Although at the time of the appraisal a zoning variance was necessary to construct on a lot that size, the defendant noted in his appraisal that "[t]here were many new homes in the immediate area on 50 ft. by 100 ft. lots or 5,000 sq. ft. lots which were built and received variances from the zoning Board of Appeals."

of discretion in the trial court's refusal to order the case opened so that the defendant might offer the same evidence.

Finally, the defendant attempts to claim that the award of $10,500 is inadequate compensation. The award was based on the report of the committee. Evidence as to the value of the land was conflicting as was the extent of the defendant's damage. The committee considered all of the evidence, and, before reporting to the court, viewed the defendant's property. No challenge was made to the competency of the committee and there is no indication that its conduct was improper or irregular.

The defendant also claims that the court erred in not allowing interest on the award of $10,500. We agree. "In disposing of this [claim] we have treated it as it was presented by the parties, disregarding, as did they, certain technical, procedural problems and irregularities and deciding the [claim] solely on the basic right of the defendant to recover interest on the condemnation award as claimed." *Ives* v. *Burgess,* 155 Conn. 698, 699, 231 A.2d 276 (1967).

Under General Statutes (Rev. to 1972) § 7-248, the defendant was entitled to interest as a proper element of just compensation for his condemned land from the date the plaintiff was permitted to enter upon his land. The deposit of $7900 did not stop the running of interest on the award because the defendant was given no right to obtain possession of it. See *Salgreen Realty Co.* v. *Ives,* 149 Conn. 208, 177 A.2d 673 (1962). The sum deposited was not available to him until the court directed payment of the award. In the present case, payment was directed on October 13, 1978, when the court accepted the report of the committee and rendered judgment. Accordingly, the defendant is entitled to interest on the $10,500 from May 14, 1974, the date

of taking, until October 13, 1978, the date of the judgment. Since the amount of interest due the defendant as an additional component of his condemnation award is a matter for judicial determination based on equitable considerations; *Leverty & Hurley Co.* v. *Commissioner of Transportation,* 192 Conn. 377, 380, 471 A.2d 958 (1984); it is necessary that the case be remanded for a further hearing to determine a just and reasonable rate of interest.

There is error in part, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.