VICTOR SANTIAGO *v.* WARDEN, STATE PRISON
(10286)

NORCOTT, FOTI and LAVERY, Js.

Argued April 7—decision released June 16, 1992

*Paula Mangini Montonye,* deputy assistant public defender, for the appellant (petitioner).

*Kevin T. Kane,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney, for the appellee (respondent).

FOTI, J. The petitioner appeals from the judgment rendered granting the respondent's motion to quash his petition for a writ of habeas corpus.[1] He claims that the court improperly rendered judgment without giving him the benefit of an evidentiary hearing. We affirm the judgment of the trial court.

On July 19, 1989, the petitioner pleaded guilty to robbery in the third degree in violation of General Statutes § 53a-136, and admitted to a violation of probation in violation of General Statutes § 53a-32, with no agreed sentence recommendation. On September 13, 1989, he was sentenced to consecutive terms of incarceration of five years on the robbery and two years on the violation of probation. The petitioner did not file

---

[1] A motion to quash a petition for a writ of habeas corpus, if granted, is appealable as a final judgment. *Buster* v. *Commissioner,* 26 Conn. App. 48, 50, 596 A.2d 943 (1991).

a motion to vacate his pleas, nor did he file an appeal. On March 15, 1991, the trial court granted the petitioner's motion to file an amended petition for a writ of habeas corpus. In his amended petition, the petitioner first claimed that his sentence was illegal because the court failed to offer him his right to allocution pursuant to Practice Book § 919.[2] He further alleged ineffective assistance of counsel at the sentencing in that the trial counsel failed (1) to present any mitigating evidence or argument to the court at the sentencing hearing, (2) to bring to the court's attention its alleged violation of Practice Book § 919, and (3) to advise the petitioner of his right to appeal the court's violation of Practice Book § 919. The state filed a motion to quash pursuant to Practice Book § 532,[3] which was granted on May 8, 1991.

On appeal, the petitioner first claims that his sentence was illegal because he was denied the right of allocution, that is, he was not afforded the right to speak in his own behalf before the court at the sentencing hear-

---

[2] Practice Book § 919 provides in pertinent part: "Before imposing a sentence or making any other disposition after the acceptance of a plea of guilty or nolo contendere or upon a verdict or finding of guilty, the judicial authority shall, upon the date previously determined for sentencing, conduct a sentencing hearing as follows:

"(1) The judicial authority shall afford the parties an opportunity to be heard and, in his discretion, to present evidence on any matter relevant to the disposition, and to explain or controvert the presentence investigation report, the alternate incarceration assessment report or any other document relied upon by the judicial authority in imposing sentence.

\* \* \*

"(3) The judicial authority shall allow the defendant a reasonable opportunity to make a personal statement in his own behalf and to present any information in mitigation of the sentence."

[3] Practice Book § 532 provides: "The sufficiency of the petition on which the writ was granted and the propriety of the issuance of the writ may be tested, before a return is filed, by a motion to quash. On such a motion the allegations of the petition are deemed admitted. The motion to quash is not a means by which to test the legal sufficiency of the facts alleged in a return or the answer to the return."

ing. Practice Book § 919 provides in pertinent part that a sentencing hearing shall be conducted at which the defendant shall be allowed a "reasonable opportunity to make a personal statement in his own behalf and to present any information in mitigation of the sentence." "The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. . . . Indeed, there is no claim that the defendant would have had anything at all to say if he had been formally invited to speak." *Hill* v. *United States,* 368 U.S. 424, 428–29, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962).

In *State* v. *Carr,* 172 Conn. 458, 476, 374 A.2d 1107 (1977), our Supreme Court, after tracing the common law history of the right of allocution, noted that the defendant made no attempt to show prejudice from not having been allowed personally to address the judge. It is clear from *Hill* and *Carr* that the defendant's failure to address the court personally does not render the sentence imposed illegal. The Supreme Court also recognized that Practice Book § 2330, the predecessor to Practice Book § 919, had become effective subsequent to the sentencing hearing. *State* v. *Carr,* supra, 477 n.6.

The petitioner neither claims, nor does the record reflect, that he sought to be heard and was denied the opportunity to speak. Nor does he claim that the trial court had before it, in the presentence investigation report or elsewhere, any false or misleading information or facts that should not have been considered in imposing sentence. Rather, the petitioner complains that the trial court did not expressly ask him if he wanted to be heard at the sentencing hearing.

The petitioner further claims that a constitutional right of allocution exists under article first, § 8, of the Connecticut constitution and, alternatively, that, if no such right exists, the matter should be remanded nonetheless for an evidentiary hearing on the basis of plain error. We do not agree. The petitioner is unable to cite a single case in support of his position. "Although our state constitution, article first, § 8, provides that an 'accused shall have a right to be heard by himself or by counsel,' we have never precisely construed this provision. Similar provisions in other states have not been construed to entitle an accused as a matter of right to be heard by both himself and by counsel." *State* v. *Carr*, supra, 475.[4] We conclude, therefore, that the first count of the amended petition does not allege the existence of a fundamental defect that is cognizable under a writ of habeas corpus.

The petitioner's second claim on appeal is ineffective assistance of counsel at the sentencing hearing. The state argues that no facts were alleged sufficient to give rise to a recognizable claim that the standard of "reasonably effective assistance" had not been reached.

A motion to quash may be used to attack a writ of habeas corpus for defects appearing on the face of the writ. *Fasulo* v. *Arafeh*, 173 Conn. 473, 490, 378 A.2d 553 (1977) (*Loiselle, J.,* dissenting). On a motion to quash a petition for a writ of habeas corpus, the allegations of the petitioner are deemed admitted. Practice Book § 532; *Doe* v. *Doe*, 163 Conn. 340, 341, 307 A.2d 166 (1972). A motion to quash is the equivalent to a demurrer[5] to a complaint in a civil action and seeks to test the legal sufficiency of the allegations of the peti-

---

[4] In *Carr*, our Supreme Court noted that "this constitutional issue was neither raised at the trial level nor briefed on appeal." *State* v. *Carr*, 172 Conn. 458, 475, 374 A.2d 1107 (1977).

[5] The motion to strike has replaced the demurrer in our practice. *Ferryman* v. *Groton*, 212 Conn. 138, 142, 561 A.2d 432 (1989).

tion. *Pi* v. *Delta,* 175 Conn. 527, 528, 400 A.2d 709 (1978). It is true that in order for a habeas court to determine whether the claim of ineffective assistance of counsel meets the criteria set forth in *Strickland* v. *Washington,* 466 U.S. 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),[6] it must first hear the evidence. Here, pursuant to Practice Book § 131, the amended petition is the equivalent of a complaint, and the return would have been in the nature of an answer. *Arey* v. *Warden,* 187 Conn. 324, 332, 445 A.2d 916 (1982). The pleadings are so framed, and once the issues have been joined the evidence proffered must be relevant to these issues. Id.

"In a writ of habeas corpus alleging illegal confinement the application must set forth specific grounds for the issuance of the writ including the basis for the claim of illegal confinement." *Macri* v. *Hayes,* 189 Conn. 566, 568, 456 A.2d 1186 (1983).

In its articulation, the court cited page two of the sentencing hearing transcripts dated September 13, 1989, and the "highly speculative nature of the claim with respect to the standards enunciated in *Strickland* v. *Washington,* [supra]." The transcript shows that before the court asked defense counsel to speak, it had read the presentence investigation report and was aware of the petitioner's prior criminal record and previous parole and probation. Defense counsel asked the court to consider the petitioner's background in imposing sentence, including the fact that he had had a troubled life. While the petitioner, through counsel, in effect threw himself on the mercy of the court, there are no facts alleged in the petition, nor does the record reveal, that the petitioner wanted to speak, had something to say that might have affected the imposition of sentence,

---

[6] The *Strickland* standard is two-pronged: the defendant must show first that counsel's performance was inadequate, and second that the deficient performance prejudiced the defense.

wanted to correct or dispute anything in the presentence investigation report, or that counsel knew or should have known of mitigating circumstances not contained in the report that demanded the court's attention. The petitioner does not claim that he wanted his counsel to do more than rely on the detailed presentence report and throw himself on the mercy of the court. The fact that the court saw fit to impose the maximum period of incarceration is not relevant to the claim of ineffective assistance of counsel.

We are also unpersuaded that the petitioner's remaining two claims of ineffective assistance merit an evidentiary hearing. The petitioner claims that defense counsel failed to request that the court allow the petitioner to speak and that defense counsel failed to advise the petitioner that he had a right to appeal on the grounds that he was not given the right to speak in violation of Practice Book § 919.

In summary, the amended petition is a pleading that on its face is legally insufficient. The petitioner does not allege facts sufficient to support a claim that he was deprived of a fundamental right, or that he received ineffective assistance of counsel.

The judgment is affirmed.

In this opinion the other judges concurred.