[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: TIME OF TAKING
The petitioner herein has brought this action seeking an easement over the defendant's property for the purpose of installing a natural gas pipeline. This action was brought pursuant to 16-263, et seq. of the Connecticut General Statutes. On March 11, 1991 the parties agreed that the petitioner might enter immediately upon the property in order to continue the installation of the pipeline. An order to that effect was entered by the court granting the right of immediate entry under 16-267 of the General Statutes.
The parties could not agree as to the amount of damages incurred by the taking and the matter was pursuant to 16-266 of the General Statutes referred to a panel of three disinterested persons (three state trial referees).
When the panel met, a question arose as to when the damages occurred, i.e., whether the taking occurred when permission for immediate entry was granted or whether it occurred when the panel made its assessment of damages. The panel then referred the matter back to the court to make a determination of that issue.
It should be noted at this point that the petitioner has already entered upon the property under the auspices of the March 11, 1991 order and have in fact completed installation of the pipeline.
"Damages sustained in a taking by eminent domain are to be measured as of the date of the taking." Cappiello v. Commissioner of Transportation, 203 Conn. 675, 681; Textron, Inc. v. Commissioner of Transportation, 176 Conn. 264, 267, 407 A.2d 946
(1978); Lynch v. West Hartford, 167 Conn. 67, 74, 355 A.2d 42
(1974).
"The word `taken' as used in the Fifth Amendment to the Constitution of the United States and Article First, Sec. 11 of the Connecticut Constitution `means generally the exclusion of the owner from his private use and possession, and the assumption of the use and possession for the public purpose of the authority exercising the right of eminent domain.'" Carl Roessler, Inc. v. Ives, 156 Conn. 131, 140; Bishop v. New Haven, 82 Conn. 51, 58, 72
H. 646.
CT Page 8409 In the matter of Clark v. Cox, 134 Conn. 226, 229, the court stated "'taking' means the accomplishment of the legal step whereby the landowner's rights of possession is terminated." The petitioner was granted the right of immediate possession by this court on March 11, 1991. At that time it was agreed upon by the parties that the court would not enter any order requiring the petitioner to pay into court any fixed sum of money but rather the plaintiff petitioner would retain such funds and ultimately pay interest from said date on any sum to be awarded as damages. At that time the defendant was excluded from his own use and possession of the property in question and the use and, possession for the public purpose of installing the pipeline was assumed by the petitioner. At that time the landowner's right to possession was terminated. This amounts to "a substantial interference with private property which destroys or nullifies its value or by which the owner's right to its use and enjoyment is in a substantial degree abridged or destroyed." Textron v. Wood, 167 Conn. 334,364.
Of course the actual physical possession of the property constitutes a taking. Carl Roessler v. Ives, supra, 144. In this case the petitioner, pursuant to the order of the court on March 11, 1991, has taken possession of the property interest involved and has in fact completed the installation of the pipeline. The right to immediate possession was granted by the court and the petitioner has in fact taken possession and completed the pipeline installation. The defendant has been precluded from the use of the property and all that remains is for the panel to quantify or assess the damages in monetary terms.
The defendant contends that damages occur when the panel makes its assessment at some future date. The defendant, as support for his position, cites 16-267 of the Connecticut General Statutes as authority for his position. This court is of the opinion that his argument would prevail only if the petitions were to be dismissed, no award of damages is made or the proceedings are abandoned. See16-267 Connecticut General Statutes. None of this has occurred. There has been no dismissal, the matter has been referred to a panel to assess damages and there has been no abandonment of any proceedings by the plaintiff herein.
The pipeline has been constructed and in fact is in operation. What has been condemned has in fact been "taken". The intention of the condemnor is that a permanent taking be in effect.
The court finds the date of taking to be March 11, 1991 and damages should be assessed as of that date.
The Court
CT Page 8410 Curran, J.