[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'SMOTION TO OPEN OR TO RECONSIDER PARTIAL SUMMARYJUDGMENT AS TO DEFENDANT AETNA CASUALTY SURETY CO.
FACTUAL BACKGROUND
The plaintiff, Reichhold Chemicals, Inc. (hereinafter "Reichhold"), has filed a motion to open, or in the alternative for reconsideration of the court's November 29, 1993 decision granting a motion for partial summary judgment filed by defendant Aetna Casualty Surety Co. (hereinafter "Aetna") as to cites in Rockport, Carteret and Elizabeth, New Jersey and Tacoma, Washington, on the ground that Reichhold failed to provide timely notice to Aetna of a "claim or suit" or an "occurrence" under the terms of the insurance contracts between the parties. Reichhold claims that it obtained "newly discovered evidence," not available to it previously, that shows that Reichhold had a good faith belief that there was no coverage under the policies. Reichhold claims that this new information creates a genuine issue of material fact with respect to whether its notice to Aetna was timely under the circumstances.[1]
Reichhold claims that on January 27, 1994, approximately two months after this court granted Aetna's motion for partial summary judgment, Reichhold's counsel discovered a December 9, 1985 memorandum from W. E. Markey, Reichhold's former Risk Manager, to M.R. Romness, an attorney employed by Reichhold regarding the Rockport site. Reichhold claims that in preparing its briefs in opposition to the motion for partial summary judgment, its counsel discussed the subject of notice with Markey and he did not recall the reason that notice had not been sent to Aetna. Reichhold claims that upon discovering the December 9, 1985 memorandum, Reichhold's counsel promptly brought it to Markey's attention and Markey's recollection regarding notice of Reichhold's claims was refreshed by his review of the memorandum. After reviewing the memorandum, Markey remembered that the reason for Reichhold's delay in notifying Aetna regarding the Rockport site was his good faith, but erroneous, belief that there was no coverage for that claim under the Aetna policies. Reichhold asserts that its recent discovery of the December 9, 1985 memorandum was entirely reasonable under the circumstances because in the course of this litigation, Reichhold has produced more than one million pages of documents originating in numerous locations, and due to the sheer volume of materials produced, review of the documents was conducted by several teams of lawyers and staff from several firms. Reichhold claims that the December 9, 1985 CT Page 5210 memorandum has not previously "come to the attention of any lawyer representing Reichhold who had sufficient knowledge of this case to recognize the significance of the document" with respect to Aetna's partial summary judgment motion. In support of its motion to open or reconsider Reichhold submits, inter alia, a copy of the December 9, 1985, memorandum and the affidavit of Markey. Aetna has filed a memorandum in opposition to Reichhold's motion, accompanied by affidavits and several exhibits.
DISCUSSION AND CONCLUSION
In determining whether to open this judgment on the grounds of newly discovered evidence, this Court must consider 1) whether the evidence is, in fact, newly discovered; 2) whether it is material to the issues; 3) whether it could not have been discovered and produced by the exercise of due diligence; and 4) whether it is not merely cumulative and is likely to produce a different result. Shelton Sewer Auth. v.DeFilippo, 2 Conn. App. 355, 361 (1984).
The initial question for the court therefore is: "is this evidence newly discovered?"
It is clear to the court that the Markey memorandum was circulated to other company officials, was known to Reichhold's counsel, and is therefore not newly discovered.
Secondly, assuming, arguendo, that the evidence is "newly discovered," should the court open the judgment because Markey mistakenly, and in good faith, believed that there was no coverage for the claim, thus excusing Reichhold from late notice? The court answers this question in the negative.
New York law holds that such belief does not excuse late notice. Halstead Oil Co. v. Northern Ins. Co., 579 N.Y.S.2d 266,267, 178 App.Div.2d 932 (1991); Pandora Indus., Inc. v.St. Paul Surplus Lines Ins. Co., 590 N.Y.S.2d 471, 188 App.Div.2d 277
(1992).
Finally, assuming that the plaintiff's claim as to newly discovered evidence and to excused late notice as discussed above are valid, the court must still deny the motion because the evidence does not fully account for the entire period of delay in notifying Aetna with respect to the Rockport site. CT Page 5211 As noted in this court's memorandum of decision on Aetna's motion for partial summary judgment, Reichhold entered into the consent order with the New Jersey Department of Environmental Protection with respect to the Rockport site on June 30, 1985. The administrative consent order that Reichhold entered into gave Reichhold, at the very least, notice of the "possibility of a claim."
The memorandum attached to the Markey affidavit is dated December 9, 1985, over five months after Reichhold entered into the consent order. In his affidavit, Markey states that in or around May, 1988, he became aware that the groundwater contamination at the Rockport site potentially constituted third party property damage with respect to which there was the possibility of insurance coverage. However, Reichhold did not notify Aetna of the administrative action regarding he Rockport site until September 28, 1988, almost four months after Markey claims that he became aware of the possibility of liability.
Reichhold offers no excuse or explanation for its failure to notify Aetna during this four month period. Under the law cited in the court's memorandum of decision on Aetna's motion for partial summary judgment, an unexcused delay of approximately four months would be unreasonable as a matter of law. See Power Authority v. Westinghouse Electric Corp.,502 N.Y.S.2d 420, 422 (A.D. 1 Dept. 1986). In this case the unexplained four month delay after Markey allegedly became aware of the possibility of insurance coverage is especially unreasonable in light of the length of time that passed between the date that Reichhold entered into the consent order and the date upon which Markey allegedly became aware of the possibility of coverage. Therefore, the court must find that consideration of the "newly discovered evidence" submitted by Reichhold would not lead to any different result. Accordingly, Reichhold's motion to open or reconsider the partial summary judgment granted in favor of Aetna is denied.
Freed, J.